**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Moses JOSEPH, Defendant-Appellant.**

**No. 15685.**

United States Court of Appeals
Sixth Circuit.

June 30, 1964.

George S. Fitzgerald, Detroit, Mich. (Paul B. Mayrand, Detroit, Mich., on the brief), for appellant.

Paul J. Komives, Asst. U. S. Atty., Detroit, Mich. (Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and BROWN, District Judge.

PER CURIAM.

Moses Joseph, the defendant-appellant, was convicted under an indictment in which he was charged with violating Title 18 U.S.C. § 1001 in that he knowingly and wilfully made a false statement in an application for a radiotelephone operator's permit to the Federal Communications Commission. Specifically, it was charged that he, wilfully and knowingly, falsely answered "No" to a question inquiring as to the existence of a past criminal record.

Defendant, represented by retained counsel, waived a trial by jury. The Government opened its case by offering in evidence the application purporting to be signed by defendant and certified copies of two prior state court judgments of conviction of crimes. These exhibits were received in evidence without objection, after which Government counsel indicated that the exhibits related to defendant, to which defendant's counsel agreed. The Government then introduced certain other evidence, unimportant here, and rested.

Defendant then testified in his own behalf that he did execute the application and that the judgments of conviction did relate to him, but testified that he did not make the false statement wilfully and knowingly in that he misunderstood the question and was acting in good faith.

The trial court found defendant guilty.

Defendant first contends that the receipt in evidence of the exhibits without authentication by witnesses, though without objection, and the stipulation by his counsel that the exhibits related to defendant deprived him of his 6th Amendment right to be confronted by witnesses.

The answer to this contention is that this right may be effectively waived by counsel in open court in the presence of an accused who indicates no dissent. Cruzado v. People, 210 F.2d 789 (C.A.1, 1954); Fukunaga v. Territory of Hawaii, 33 F.2d 396 (C.A.9, 1929), cert. denied 280 U.S. 593, 50 S.Ct. 39, 74 L.Ed. 641 (1929).

Defendant also assigns error on the ground that, he contends, there must be evidence establishing the *corpus delicti* independent of extra-judicial admissions of a defendant. The answer to this contention is, first, that the exhibits themselves, with the stipulation, did establish the *corpus delicti* and, second, that there was no extra-judicial admission of defendant admitted in evidence. Moreover, in Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308 (1954) it was held that the corroborative evidence need not be sufficient, independent of extra-judicial admissions, to establish the *corpus delicti* but need only be substantial and tend to establish the trustworthiness of the extra-judicial admission.

Accordingly, the judgment below is affirmed.