[No. 10517–5–I. Division One. December 30, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. MARCUS LEE HARPER, *Appellant.*

*Elizabeth Selleck* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Thomas Cherry, Deputy,* for respondent.

CORBETT, J.—Defendant, Marcus Lee Harper, appeals his judgment and sentence for taking a motor vehicle without the owner's permission and burglary in the second degree. We affirm.

At about midnight, an officer observed a vehicle occupied by two young men run a stop sign. He followed the car until it turned onto a side street in a residential neighborhood. The officer rounded the corner seconds later and found the

car abandoned in the middle of the road with the motor still running, the lights on, and the doors open. Suspecting that the car was stolen, the officer called in the license number, a description of the occupants, and requested additional units to seal off the area.

An officer responding to the radio call stopped the defendant, who was walking nearby. The defendant matched the radio description and appeared out of breath, as if he had been running. When questioned, he would not look at the officer and was unable to give a clear description of where he had been. Because the defendant repeatedly thrust his hands into his coat pockets, the officer feared he had a weapon and patted him down. The officer felt a hard, "possibly metallic" object and removed a 4–inch plastic and metal marijuana pipe from the defendant's pocket. The defendant was then arrested and taken to the abandoned vehicle. The total time lapse from the initial radio report was about 6 minutes. The defendant was booked and the following morning signed a written waiver of his *Miranda*[1] rights and a statement admitting he had stolen the car and the stereo equipment found in its back seat.

██ Defendant was tried by the court, sitting without a jury. The parties stipulated to the police reports as the only evidence. Defendant's first assignment of error is that the record fails to demonstrate a valid waiver of his right to a jury trial. *State v. Wicke,* 91 Wn.2d 638, 591 P.2d 452 (1979). Defendant signed a written waiver as required by CrR 6.1(a) and orally assented to the stipulation procedure. The constitutional requirements for waiver were met. *State v. Forza,* 70 Wn.2d 69, 422 P.2d 475 (1966); *State v. Wiley,* 26 Wn. App. 422, 613 P.2d 549 (1980).

Defendant also contends that the stipulation procedure violated his Sixth Amendment rights of confrontation and compulsory process because the trial court failed to obtain a knowing and intelligent waiver of these rights on the

---

[1]*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

record. *See State v. Wicke, supra.* Where the defendant does not object, counsel may, as a matter of trial tactics, waive these rights by stipulating to the admission of evidence, so long as the stipulation is not tantamount to a guilty plea. *United States v. Stephens,* 609 F.2d 230, 232–33 (5th Cir. 1980); *Wilson v. Gray,* 345 F.2d 282, 286–88 (9th Cir. 1965). The stipulation was not tantamount to a guilty plea and CrR 4.2 admonitions were not required. *State v. Wiley, supra* at 427. The trial court took great care to insure that the defendant understood the stipulation procedure and was voluntarily pursuing it. The trial court did not err by failing to admonish the defendant of his right to summon and confront witnesses. *State v. Likakur,* 26 Wn. App. 297, 303, 613 P.2d 156 (1980).

█ Next, defendant contends that his confession should have been suppressed on three separate grounds. First, he asserts that the initial stop was unlawful. The brief detention and questioning of a suspect constitutes a "seizure" subject to the requirements of the Fourth Amendment. *Brown v. Texas,* 443 U.S. 47, 61 L. Ed. 2d 357, 99 S. Ct. 2637 (1979). Such an investigatory stop is proper, however, when the officer has a reasonable suspicion based on specific and articulable facts that the individual is involved in criminal conduct. *State v. Thompson,* 93 Wn.2d 838, 840–41, 613 P.2d 525 (1980).

In the present case, the officer knew (1) a car pursued by his fellow officer had been abandoned in the middle of the road, (2) the suspects were young males, (3) the defendant matched the physical description of a suspect, (4) the defendant appeared out of breath, as if he had been running, (5) the defendant was only a few blocks away from the abandoned vehicle, (6) only 2 or 3 minutes had passed since the vehicle had been abandoned, (7) it was late at night, and (8) the officer had observed no other pedestrians in the area. From these facts, it was reasonable for the officer to infer that the abandoned vehicle had been stolen and that the defendant was one of the suspects who was fleeing on foot. *See State v. Young,* 28 Wn. App. 412, 422, 624

P.2d 725 (1981). The officer had an individualized and well founded suspicion that the defendant was engaged in criminal activity. Therefore, the investigatory stop was lawful.

 Defendant argues the second ground for suppression is that, even if the initial detention was proper, the search of his pockets was unlawful because it was an exploratory search for contraband. Where an officer has reasonable grounds to believe that he is dealing with an armed and dangerous individual, he may frisk that person for weapons. *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *State v. Hobart*, 94 Wn.2d 437, 441, 617 P.2d 429 (1980). In order to justify such a self–protective search, the officer need not be absolutely certain that the individual is armed. *Terry v. Ohio, supra* at 27. The defendant's demeanor and actions during questioning provided a sufficient basis for the officer's fear that the defendant's coat pockets contained a weapon. Accordingly, the initial patdown of these pockets was justified. Having discovered an unidentified "bulge" in one of the pockets, the officer was entitled to assure himself that it was not a weapon. *See State v. Allen*, 93 Wn.2d 170, 172, 606 P.2d 1235 (1980). The officer's right to act was not invalidated when it turned out, after the fact, that the pocket contained contraband instead of a weapon. *State v. Serrano*, 14 Wn. App. 462, 469, 544 P.2d 101 (1975).

The third ground upon which defendant contends that his confession should have been suppressed was his arrest for possession of marijuana was a pretext. He points out that immediately following the arrest, he was taken to the abandoned car and that he was never formally charged with possession of marijuana. He claims that the motivation for his arrest was to obtain mug shots and fingerprints in connection with the car theft. Defendant does not argue that the arrest was a pretext to search him, as in *State v. Michaels*, 60 Wn.2d 638, 374 P.2d 989 (1962), or that custodial arrests for possession of marijuana are improper. *Cf. State v. Hehman*, 90 Wn.2d 45, 578 P.2d 527 (1978). No evidence suggests that the arrest was a departure from normal pro-

cedure. Absent such allegations or evidence, we cannot find that the arrest was unlawful or hold that the confession should be suppressed as incident thereto.

Affirmed.

Swanson and Williams, JJ., concur.

Reconsideration denied February 4, 1983.