**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Rodney CARR, Defendant-Appellant.**

No. 14353.

Missouri Court of Appeals,
Southern District,
Division Two.

March 20, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1986.

Application to Transfer Denied
May 13, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Donald L. Catlett, Public Defender, Jefferson City, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial, defendant was convicted of capital murder, and sentenced to life imprisonment without consideration of parole for 50 years. The charge arose from the stabbing of a corrections officer at the Moberly Correction Center on July 3, 1983.

Just prior to the stabbing, several inmates had been drinking "homemade" alcohol. A "riot" ensued while correction officers were removing an intoxicated inmate from the wing of the housing unit where the drinking occurred. One of the officers who was escorting the intoxicated inmate was stabbed with a knife and died as a result. There was evidence that defendant, an inmate at the institution, participated in the stabbing.

In his first point defendant contends that the trial court erred in sustaining the state's challenges for cause to certain jurors who stated they could not return the death penalty. Defendant claims that this resulted in a jury which was more "convictionprone" and also "was in violation of Art. 1, Sec. 5 of the Missouri Constitution and Sec. 546.130, RSMo 1978, in that they were disqualified from jury service due to their views on the death penalty, which were or may have been religious in basis."

■ Defendant's brief states, regarding the claim that sustaining the challenges resulting in a "convictionprone" jury, that "this court rejected essentially the same claim ... in *State v. Kenley*, 693 S.W.2d 79 (Mo. banc 1985)" and *State v. Nave*, 694 S.W.2d 729 (Mo. banc 1985). The brief then "requests that this court reconsider its position as stated in *Kenley*, and *Nave*". Those were decisions by the Missouri Supreme Court which are binding upon us. Decisions of that court are controlling here. Mo. Const. Art. V, § 2; *State v. Jones*, 703 S.W.2d 41, 42 (Mo.App. 1985).

The contentions now being made by defendant were recently denied in *State v. Mathenia*, 702 S.W.2d 840, 844 (Mo. banc 1986). There, the supreme court followed its earlier decisions regarding "death qualification" of the jury and declined to follow *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir. 1985), cert. granted *Lockhart v. McCree*, —— U.S. ——, 106 S.Ct. 59, 88 L.Ed.2d 48 (1985) (No. 84–1865). In *Mathenia*, the court also stated that excluding such veniremembers did not violate Mo. Const. Art I, § 5, as they "were not disqualified from serving as jurors because of their religious beliefs, but because they demonstrated probable inability or unwillingness to follow the law." 702 S.W.2d at 844. Following *Mathenia*, point one is denied.

■ Defendant's remaining point contends that the trial court erred in overruling defendant's objection to a portion of the state's closing argument. During the closing argument the following occurred:

MR. FINNICAL [Asst. Atty. Gen.]: Let's assume Rodney didn't have a knife. He said, well, he could have just been hitting him. What's Rodney Carr doing hitting a 62-year-old man already stabbed, already bleeding? What is he doing beating on a 62-year-old man anyway, let alone a prison guard? How many felonies did Rodney Carr commit? He offered violence—

MR. OSSMAN [Asst. Public Defender]: Your Honor, we are only concerned with one, not what other, what else may have transpired or what his definition of the crimes may have been.

THE COURT: That objection will be overruled. Let's proceed.

MR. FINNICAL: He offered violence to a guard, Bob Wilson. He offered violence to a guard, Hess. He offered violence to a guard, Tom Jackson. He doesn't care. He's in there. He doesn't care. There just is no way, there is no way that these people—When two people put a, stab knives in other people, they have a common purpose.

Defendant asserts in this point that the trial court erred in overruling his objection to the state's argument referring to " 'How many felonies did Rodney Carr commit' as this inferred appellant had offered violence to other corrections officials". Assuming

that the contention now made was properly preserved, a question we do not decide, there is no merit to defendant's point.

If the closing argument infers, as defendant contends, that defendant had committed acts of violence on other corrections officers, defendant could not have been prejudiced by such an inference. Earlier in the trial, testimony was offered, without objection, that near the time of the stabbing of the deceased officer, that defendant had also used a knife to inflict injury on two other officers. Certainly an argument which might have "inferred" these acts of violence could not have created more prejudice than evidence of the acts. If defendant was prejudiced by improper acts being shown, the prejudice occurred during the evidence portion of the trial. The argument was not improper on the basis contended nor was it prejudicial because of any inference it created.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.