**Rodney CARR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17940.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 1, 1992.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

This appeal by Rodney Carr (movant) stems from denial of his pro se motion under Rule 29.15.[1] After jury trial, movant was convicted of capital murder and sentenced to life imprisonment without eligibility for parole for 50 years. That judgment was upheld on direct appeal in *State v. Carr*, 708 S.W.2d 313 (Mo.App.1986).

After evidentiary hearing, the motion court denied movant's 29.15 motion. He appealed to this Court presenting three claims of error. We affirmed the motion court's denial of relief in all respects except movant's complaint of ineffective assistance of counsel regarding defense counsel's agreement that the prosecutor could present the jury excerpts from the Bolin deposition. The order was reversed as to that issue only and the cause remanded for (a) findings of fact and conclusions of law on that issue alone, and (b) entry of an order granting or denying post-conviction relief, as appropriate. *Carr v. State*, 819 S.W.2d 84 (Mo.App.1991).

After remand, the motion court denied relief and entered findings of fact and conclusions of law. The court found movant was not denied his right of confrontation through the use of the Bolin deposition. We now address that issue on this appeal.

1. Rule references are to Missouri Rules of Court 1988, unless otherwise indicated.

The gist of movant's complaint is that defense counsel waived movant's right, without his authority, to confront state witness, John Bolin.[2] This witness, who refused to testify by asserting his Fifth Amendment rights, was an inmate called by the State in rebuttal. Defense counsel agreed the prosecutor could read from a deposition of Bolin given in the Driscoll case.[3] Thereafter, the prosecutor and defense counsel both read portions of the deposition to the jury. Such course of action by defense counsel, says movant, amounted to ineffective assistance of counsel thereby depriving movant his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 18(a) of the Missouri Constitution.

This case arose from the stabbing death of a corrections officer at the Moberly Training Center for Men on July 3, 1983. Apparently, several inmates had been drinking "homemade" alcohol. A ruckus developed when correctional officers were removing an intoxicated inmate from an area where the drinking occurred. Officer Jackson was stabbed to death while escorting the intoxicated inmate. Evidence at trial showed movant, an inmate, participated with others in the stabbing. Additional facts are summarized in *Carr*, 819 S.W.2d 84. We will note other facts in the discussion of movant's sole point.

Our review is to determine if the motion court's action is clearly erroneous. Rule 29.15(j). Movant had the burden of proof by a preponderance of the evidence on the ground asserted. Rule 29.15(h). The judgment of the trial court is clearly erroneous only if a review of the record leaves us with a firm impression that a mistake has been made. *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989). Deference is given to the motion court's determination of the credibility of witnesses, including movant. *Id.*

■ Movant first argues he was denied his constitutional right to confront witness Bolin. He testified no permission was given defense counsel to stipulate that portions of the Bolin deposition could be read to the jury. Admittedly, the record reflects movant (1) made no comment when the stipulation was presented to the trial court, (2) did not personally agree to waive his right of confrontation, and (3) was not asked to waive that right. However, the record certainly indicates movant acquiesced in defense counsel's decision. He voiced no objection to the waiver and patiently listened to his counsel read certain portions of the deposition to the jury which were advantageous to him.

Movant correctly points out that a waiver of the right of confrontation "must be effected personally by an accused who is acting intentionally and knowledgeably." *Phillips v. Wyrick*, 558 F.2d 489, 496 (8th Cir.1977), relying on *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966), and *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Furthermore, " 'a choice to waive made by counsel *not participated in* by petitioner does not automatically bar relief to the petitioner.' " *United States v. Stephens*, 609 F.2d 230, 232 (5th Cir.1980). However, the Court held:

> [T]hat counsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence, so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy.

*Id.* at 232–33.

We are persuaded by *Loggins v. Frey*, 786 F.2d 364 (8th Cir.1986), where a Mis-

---

**2.** The point relied on names the witness as James Bolin, but the record clearly shows the witness to be John Bolin.

**3.** Driscoll and Roberts were each convicted of capital murder and sentenced to death for their roles in the homicide of the correctional officer who was the victim in this case. *State v. Driscoll*, 711 S.W.2d 512 (Mo.banc 1986), *cert. denied*, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986); *State v. Roberts*, 709 S.W.2d 857 (Mo. banc 1986), *cert. denied*, 479 U.S. 946, 107 S.Ct. 427, 93 L.Ed.2d 378 (1986).

souri inmate petitioned for a writ of habeas corpus contending his right of confrontation had been infringed by the admission of certain prior testimony given by the victim of the assault. There, petitioner was convicted in his first trial where the victim testified. The conviction was set aside. In the second trial the witness was unavailable, and defense counsel stipulated his prior testimony could be read to the jury. *See State v. Loggins,* 647 S.W.2d 551 (Mo. App.1982). Petitioner did not personally agree to the waiver, did not consent when the stipulation was presented to the court, nor was he asked to do so. However, the record reflected that petitioner acquiesced in his counsel's decision. The Eighth Circuit Court denied relief and held the decision of defense counsel was motivated by sound strategic reasons relying in part on *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984).

Neither was movant denied his right of confrontation under Article I, § 18(a) Missouri Constitution. In *State v. Loggins* (from which *Loggins v. Frey* arose), both the Missouri and United States constitutional guarantees of confrontation were applied to the facts recounted in *Loggins v. Frey, supra.* The Court held:

> This court concludes that this stipulation amounted to a voluntary waiver of appellant's rights under § 491.400–491.450; U.S. Const.Amend. VI, and Mo. Const. Art. I, § 18(a). This constitutional right is personal and can be waived, so long as it is knowing, intelligent and voluntary.

*Loggins,* 647 S.W.2d at 556 (citations omitted.)

Here, the acquiescence of movant is supported by the record, and the motion court obviously disbelieved that movant objected to the use of the Bolin deposition. Certainly the trial court record revealed no objection by movant. Further, the record reveals a sound strategic reason for the decision of movant's counsel. The use of the Bolin deposition testimony was just as beneficial to movant as to the State.

Defense witness, Stan Caviness, testified Officer Jackson was stabbed by Driscoll, not movant. The State offered the Bolin deposition testimony to show Caviness and movant were homosexual lovers; and therefore Caviness was not believable. However, this attempt to discredit the testimony of Caviness was offset by other Bolin testimony offered by defense counsel. By that testimony, Bolin, an inmate spectator to part of the melee, stated he saw Officer Jackson walking by the rotunda when the officer turned a circle and dropped. The officer "had blood everywhere." Bolin apparently observed movant after he was hit on the head with a baseball bat by Officer Humphrey and movant was also bleeding. After recounting these facts, Bolin testified he saw no one stab Officer Jackson. Evidence of possible innocence would tend to outweigh the State's attempt to discredit Caviness and was not an unsound choice by defense counsel.

Finally, movant reasons that a reasonably competent defense counsel would not waive a fundamental constitutional right and movant was prejudiced by counsel's actions. He claims allowing Caviness to be discredited was clearly prejudicial but ignores any benefit he received.

To prevail on a claim of ineffective assistance of counsel, a prisoner must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). There is no ineffective assistance where the lawyer's conduct involves reasonable discretion in trial strategy, and it is the exceptional case where a court will hold a strategic choice unsound. *State v. White,* 798 S.W.2d 694, 698 (Mo. banc 1990).

Here, the motion court found movant was not denied his right of confrontation, thereby implying that defense counsel was not ineffective in the use of the Bolin deposition. The record demonstrates defense counsel had a strategic reason for stipulating to the admission of the deposition testimony. We are unable to say defense counsel exercised unreasonable strategy. Furthermore, movant has failed to demonstrate prejudice from defense coun-

sel's tactics especially in view of substantial eyewitness testimony that movant stabbed Officer Jackson. We are not left with a definite and firm impression that the motion court made a mistake. *Brummell,* 770 S.W.2d 379.

Judgment affirmed.

SHRUM, P.J., and MAUS, J., concur.