Docket No. 94425–Agenda 5–September 2003.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RICHARD D. CAMPBELL, JR., Appellant.

Opinion filed December 18, 2003.

JUSTICE THOMAS delivered the opinion of the court:

At issue in this case is whether defense counsel, by stipulating to the admission of evidence, can waive a defendant’s constitutional right to confront the source of the evidence without the defendant’s knowing consent to the stipulation. The appellate court, with one justice dissenting, held that defense counsel can stipulate to prosecution testimony without a defendant’s knowing consent because the decision to stipulate is a matter of trial strategy within defense counsel’s sound judgment. 332 Ill. App. 3d 808. The dissent believed that the decision whether to stipulate to the testimony of a key witness belongs to the defendant, after consultation with defense counsel. 332 Ill. App. 3d at 815-17 (Cook, J., dissenting). For the following reasons, we affirm the judgment of the appellate court, which affirmed the judgment of the circuit court of Champaign County.

FACTS

The State charged defendant, Richard D. Campbell, Jr., with residential burglary (720 ILCS 5/19–3 (West 2000)), alleging that defendant knowingly and without authority entered the dwelling place of Blake M. Hoerr and Griff P. Powell in Champaign, Illinois. Defendant’s trial began on May 14, 2001. After the jury was sworn, the prosecutor moved for a continuance on the ground that Blake Hoerr had not appeared for trial, even though he was under subpoena. Hoerr’s father had informed the prosecutor that Hoerr was in Maryland for a job and would not be able to make it to court. The prosecutor asked for a brief recess to obtain Hoerr’s appearance, stating that Hoerr was a material and critical witness for the State’s case. Defense counsel objected, noting that the State had answered ready at pretrial. The trial court agreed to continue the matter to the following morning, stating that “if the witness is not here at that time, then we’re either going to have to dismiss the case, or proceed with the witness, one or the other.” The prosecutor then elected to proceed with his other witnesses.

Griff Powell testified for the State that he was a student at the University of Illinois in Champaign. On March 13, 2001, Powell was living with Hoerr and some other roommates at 1001 South First Street in Champaign. The residence was a two-story home. Powell testified that there were no signs on the home indicating that there were rooms for rent. The front door to the home was made of wood, and there was a screen door in front of the wood door. Only the wood door had a lock on it. 

Powell said that March 13 was the Tuesday of spring break week for the University, so that all of his roommates except Hoerr were out of town. Both Powell and Hoerr were in town on March 13, although they both planned to leave Champaign that day. Around 10:15 a.m., Hoerr was sleeping on the couch in the living room and Powell was upstairs in his room watching television when Powell heard a loud knocking on the door. Powell assumed Hoerr would answer the door, but the knocking continued for approximately two minutes. Just as Powell began to wonder why Hoerr was not answering the door, he heard voices talking. Powell could not hear what was going on, so he started walking down the stairs and saw defendant walking out the front door. Powell did not know defendant and had never seen defendant in the house. Powell and Hoerr decided to call the police because they were both leaving town that day and knew that it was easy to break into empty homes. At the time Powell heard the knocking, the wood door was unlocked.

Dennis Thomas testified that he is a police officer for the City of Champaign and is assigned to the campus area, south of the University. Thomas explained that winter breaks and spring breaks are significant when working the campus area because all the students leave the area during that time, and the burglary rate increases tremendously. On March 13, 2001, at 10:17 a.m., he was dispatched to 1001 South First Street to check a report of a person that had walked into a house and then left, going in a southerly direction. On his way to 1001 South First Street, Thomas spotted defendant, who fit the description of the suspect, and stopped to talk to him. Thomas asked defendant if he had been in the building at 1001 South First Street. Defendant initially denied that he had been there. When Thomas told defendant that someone fitting defendant’s description had been in 1001 South First Street, defendant then said that he had been there looking for someone. Thomas asked defendant who he was looking for, but defendant could not give him a name. 

At the close of Thomas’ testimony, the trial was continued until the following day. The next day, the trial court asked the prosecutor whether his witness was present. The prosecutor responded that Hoerr was not present, but that he had a stipulation concerning Hoerr’s testimony. The trial court asked defense counsel whether he objected to the trial court reading the stipulation and explaining the stipulation. Defense counsel responded that he had no objection and “[i]n fact had signed the court’s copy” of the stipulation. 

The stipulation of facts concerning Hoerr’s testimony provided that on March 13, 2001, at approximately 10:15 a.m., Hoerr was sleeping on a couch in the living room when he was awakened by someone knocking on the front door. After hearing several knocks, Hoerr heard the interior wooden door open. Hoerr sat up, looked over the back of the couch, and saw defendant in the hallway. When defendant saw Hoerr, defendant asked if Hoerr had a room for rent. Hoerr said no, and defendant left the home. Defendant did not have Hoerr’s permission to enter the residence. After defendant left, Hoerr called 911 and reported that a white male had entered the residence without authority and described defendant to the 911 dispatcher. At 10:30 a.m., Hoerr was taken to the intersection of First Street and Springfield Avenue and positively identified defendant as the person who had entered his residence.

After the stipulation concerning Hoerr’s testimony was read to the jury, both sides rested. The trial court then denied defendant’s motion for a directed verdict. Pursuant to defendant’s request, the jury was instructed concerning the lesser-included offense of criminal trespass to a residence (720 ILCS 5/19–4 (West 2000)), in addition to the offense of residential burglary. The jury found defendant guilty of criminal trespass to a residence and defendant was sentenced to 364 days in jail.

On appeal, defendant argued that he had been denied his constitutional right to confront the witnesses against him because his attorney stipulated to the testimony of Blake Hoerr without defendant’s knowing consent. 332 Ill. App. 3d at 812. The appellate court, with one justice dissenting, held that defense counsel can stipulate to prosecution testimony without a defendant’s knowing consent because the decision to stipulate is a matter of trial strategy within defense counsel’s sound judgment. 332 Ill. App. 3d at 814. The appellate court recognized two exceptions to its holding: (1) when the State’s entire case is to be presented by stipulation; and (2) when the stipulation includes a statement that the evidence is sufficient to convict the defendant. 332 Ill. App. 3d at 814. In those situations, “the stipulation is tantamount to a guilty plea,” so a defendant must be admonished about the stipulation and must agree to the stipulation before the court can accept such a stipulation. 332 Ill. App. 3d at 814. The dissenting justice asserted that the decision whether to stipulate to the testimony of a key witness belonged to the defendant, after consultation with defense counsel. 332 Ill. App. 3d at 817 (Cook, J., dissenting).

This court allowed defendant’s petition for leave to appeal. 177 Ill. 2d R. 315(a).

ANALYSIS

On appeal, defendant again argues that his constitutional right to be confronted with his accuser was denied when his defense counsel agreed to stipulate to the testimony of Hoerr, the prosecution’s primary witness. Defendant claims that the right to face-to-face confrontation belongs to an accused, and only the accused may waive his right to confrontation. Defendant further argues that there is nothing in the record to suggest that he knowingly waived his right to be confronted with the key witness against him. Finally, the error in failing to obtain defendant’s knowing waiver of his right to confrontation constituted reversible error, because Hoerr’s testimony clearly was necessary in order to sustain the State’s case against defendant.

This court has recognized that criminal defendants possess two types of constitutional rights and that a different waiver standard applies to each. In 
People v. Ramey
, 152 Ill. 2d 41 (1992), this court held that there are four decisions that ultimately belong to the defendant in a criminal case after consultation with his attorney: (1) what plea to enter; (2) whether to waive a jury trial; (3) whether to testify in his own behalf; and (4) whether to appeal. 
Ramey
, 152 Ill. 2d at 54. This court then stated that:

“Beyond these four decisions, however, trial counsel has the right to make the ultimate decision with respect to matters of tactics and strategy after consulting with his client. Such matters include what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike and what trial motions should be made. [Citation.] Such matters also include the defense to be presented at trial.” 
Ramey
, 152 Ill. 2d at 54.

This court then held that the defendant’s constitutional right to due process was not violated when his trial counsel presented a defense against defendant’s wishes, because the defense theory to be presented at trial is not one of the matters that a defendant has the ultimate right to decide. 
Ramey
, 152 Ill. 2d at 54.

Subsequently, in 
People v. Brocksmith
, 162 Ill. 2d 224 (1994), this court held that in addition to the decisions specified in 
Ramey
, a defendant also had the exclusive right to decide whether to submit an instruction on a lesser included offense at the conclusion of the evidence. 
Brocksmith
, 162 Ill. 2d at 229. We found that “the decision to tender a lesser included offense is analogous to the decision of what plea to enter, and that the two decisions should be treated the same.” 
Brocksmith
, 162 Ill. 2d at 229. Consequently, because defense counsel rather than defendant made the ultimate decision to tender a lesser- included offense instruction, defendant’s conviction on the lesser- included offense was reversed. 
Brocksmith
, 162 Ill. 2d at 230.

Defendant asserts that the right to confrontation set forth in the United States and Illinois Constitutions, like the rights specified in 
Ramey
 and 
Brocksmith
, belongs solely to a defendant, so that any waiver of the right must be made by the defendant personally. The confrontation clause provides:

“In all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him ***.” U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8.

The right of an accused to confront the witnesses against him is a fundamental right made obligatory on the states through the fourteenth amendment. 
Pointer v. Texas
, 380 U.S. 400, 403, 13 L. Ed. 2d 923, 926, 85 S. Ct. 1065, 1068 (1965). There is a presumption against the waiver of constitutional rights. 
Brookhart v. Janis
, 384 U.S. 1, 4, 16 L. Ed. 2d 314, 317, 86 S. Ct. 1245, 1247 (1966). Nonetheless, it is clear that the right of confrontation may be waived. 
Brookhart
, 384 U.S. at 4, 16 L. Ed. 2d at 317, 86 S. Ct. at 1246-47; 
Diaz v. United States
, 223 U.S. 442, 452, 56 L. Ed. 500, 504, 32 S. Ct. 250, 252-53 (1912). In order for a waiver to be effective, “it must be clearly established that there was an ‘intentional relinquishment or abandonment of a known right or privilege.’ ” 
Brookhart
, 384 U.S. at 4, 16 L. Ed. 2d at 317, 86 S. Ct. at 1247, quoting 
Johnson v. Zerbst
, 304 U.S. 458, 464, 82 L. Ed. 1461, 1466, 58 S. Ct. 1019, 1023 (1938).

Defendant cites 
People v. McClanahan
, 191 Ill. 2d 127 (2000), in support of his claim that any waiver of a defendant’s right to face-to-face confrontation must be made by the defendant personally. We disagree with defendant’s interpretation of our holding in 
McClanahan
. At issue in 
McClanahan
 was a statute that allowed the State, in prosecutions under the Cannabis Control Act (720 ILCS 550/1 
et seq.
 (West 1998)) or the Illinois Controlled Substances Act (720 ILCS 570/100 
et seq.
 (West 1998)), to use lab reports in lieu of actual testimony as 
prima facie
 evidence unless the defendant filed a demand for the testimony of the witness who prepared the report within seven days of the defendant’s receipt of the report. 
McClanahan
, 191 Ill. 2d at 129. This court agreed with defendant that the statute at issue impermissibly required a defendant to take an affirmative step to secure his confrontation rights. 
McClanahan
, 191 Ill. 2d at 134. In addition, the statute did not contain sufficient procedural safeguards to ensure that any such waiver was knowing and voluntary because the waiver automatically occurred if the defendant did not respond within seven days of being served with the lab report. 
McClanahan
, 191 Ill. 2d at 137. In so holding, this court stated:

“In the absence of this statute, the State would have to secure a knowing waiver of the confrontation right by acquiring a defendant’s stipulation to allow the lab report into evidence without the testimony of the report’s preparer. Unlike section 115–15, these stipulations properly require a defendant to make a voluntary, knowing, and intelligent decision whether he wishes to waive his right to confront the preparer of the report.” 
McClanahan
, 191 Ill. 2d at 137-38. 

Defendant argues that based upon the foregoing language, it is clear that any waiver of the right to confrontation must be a knowing waiver made by the defendant personally.

We decline to read 
McClanahan
 so broadly. Contrary to defendant’s interpretation of 
McClanahan
, this court has never held that only a defendant can waive his sixth amendment right of confrontation. In fact, this court has never directly addressed the issue of whether defense counsel may waive a defendant’s right of confrontation by stipulating to the admission of evidence. We note, however, that a majority of the courts that have addressed the issue have held that counsel in a criminal case may waive his client’s sixth amendment right of confrontation by stipulating to the admission of evidence.

For example, in 
United States v. Plitman
, 194 F.3d 59, 63 (2d
 Cir. 1999), the United States Court of Appeals for the Second Circuit addressed whether and under what circumstances defense counsel could waive a defendant’s right to confrontation. The defendant in 
Plitman
 had claimed that his attorney’s stipulation concerning certain testimony was invalid because: (1) the defendant had not waived his sixth amendment right to confront the witnesses against him; (2) the defendant’s attorney never said that his client had waived his right of confrontation and/or knew the risks involved in doing so; and (3) defense counsel’s actions were not justified as matters of trial strategy. 
Plitman
, 194 F.3d at 62. The 
Plitman
 court noted that in an earlier decision, it had suggested that defense counsel could make such a waiver where the stipulation involved trial strategy and tactics, even thought the stipulation impacted on a defendant’s constitutional rights. 
Plitman
, 194 F.3d at 63. Similarly, other federal courts of appeals had held that defense counsel in a criminal case could stipulate to the admission of evidence as long as the defendant did not dissent from his attorney’s decision, and as long as it could be said that the attorney’s decision was a legitimate trial tactic or part of a prudent trial strategy. 
Plitman
, 194 F.3d at 63. The court concluded that given the safeguards available to defendants from the constitutionally defective actions of their attorneys:

“[W]e reject Plitman’s argument that a defendant in every instance personally must waive the right to confront the witnesses against him. We therefore join the majority of circuit courts of appeals and hold that defense counsel may waive a defendant’s Sixth Amendment right to confrontation where the decision is one of trial tactics or strategy that might be considered sound.” 
Plitman
, 194 F.3d at 64.

The court therefore held that the defendant’s waiver of his right of confrontation through counsel was valid because the defendant achieved several tactical advantages as a result of the stipulation, and defendant did not object during the discussion concerning the stipulation or when his attorney made the decision to stipulate. 
Plitman
, 194 F.3d at 64.

As the 
Plitman
 court observed, a majority of the federal courts of appeals that have considered the issue have held that defense counsel may waive a defendant’s sixth amendment right to confrontation when the decision is a matter of trial tactics or strategy and the defendant does not object to the stipulation. See 
Hawkins v. Hannigan
, 185 F.3d 1146, 1155-56 (10th Cir. 1999) (defense counsel effectively waived defendant’s confrontation rights where counsel’s decision to stipulate to testimony was a matter of prudent trial strategy and there was no evidence that defendant disagreed with or objected to his counsel’s decision); 
United States v. Stephens
, 609 F.2d 230, 232-33 (5th Cir. 1980) (defense counsel may waive defendant’s sixth amendment right to confrontation by stipulating to the admission of evidence as long as defendant does not dissent from his attorney’s decision and as long as the attorney’s decision was a legitimate trial tactic or part of a prudent trial strategy); 
Wilson v. Gray
, 345 F.2d 282, 287-88 (9th Cir. 1965) (defendant’s right to confrontation was effectively waived by his counsel where stipulation was made in the presence of defendant and without his objection, and the decision to stipulate was a matter of trial tactics and strategy); 
United States v. Joseph
, 333 F.2d 1012, 1013 (6th Cir. 1964) (right to confrontation may be effectively waived by defense counsel in open court in the presence of the defendant where the defendant indicates no dissent to the stipulation); 
Cruzado v. People of Puerto Rico
, 210 F.2d 789, 791 (1st Cir. 1954) (where a defendant is represented by counsel, counsel may waive defendant’s right to confrontation in defendant’s presence, if the defendant manifests no dissent to the waiver and where the stipulation is a matter of trial tactics).

In addition to the federal courts, a majority of the state courts that have considered this issue have held that defense counsel may waive a defendant’s right to confrontation if the decision to stipulate is a matter of trial tactics and strategy and the defendant does not object to the decision. For example, in 
Carr v. State
, 829 S.W.2d 101, 102 (Mo. App. 1992), the defendant argued that he had been denied the right to confront a witness against him when his counsel stipulated to portions of a witness’ deposition testimony. The defendant claimed that he had not given his counsel permission to stipulate, and the record reflected that defendant did not personally agree to waive his right of confrontation and was not asked to waive that right. 
Carr
, 829 S.W.2d at 102. The court observed, however, that the defendant voiced no objection when the stipulation was presented to the trial court and listened “patiently” to his counsel read portions of the deposition which were advantageous to defendant. 
Carr
, 829 S.W.2d at 102. The court denied defendant’s claim that he was denied his right to confront the witness against him, noting that in addition to the defendant’s failure to object to the stipulation, there were sound strategic reasons for defense counsel’s decision to stipulate. 
Carr
, 829 S.W.2d at 102. See also 
Lee v. State
, 266 Ark. App. 870, 876-77, 587 S.W.2d 78, 82 (1979) (“it seems to be the universal rule that a defendant in a criminal case may waive his right to confrontation *** and that the waiver of this right may be accomplished by the accused’s counsel as a matter of trial tactics or strategy”); 
State v. Oyama
, 64 Haw. 187, 188, 637 P.2d 778, 779-80 (1981) (defense counsel can waive certain aspects of the right to confrontation where such waiver is a matter of trial tactics and procedure and, in such case, the trial court is not required to determine whether the defendant knowingly and voluntarily waived his right); 
Waldon v. State
, 749 So. 2d 262, 266 (Miss. App. 1999) (defense counsel may waive a defendant’s sixth amendment right of confrontation by stipulating to the admission of evidence so long as defendant does not dissent and so long as the stipulation is a matter of trial tactics and strategy); 
State v. Bromwich
, 213 Neb. 827, 830, 331 N.W.2d 537, 540 (1983) (counsel in a criminal case may waive his client’s right of confrontation by stipulating to the admission of evidence if the decision to stipulate is a legitimate trial tactic and the defendant does not dissent from the decision); 
Ludlow v. State
, 761 P.2d 1293 (Okla. Crim. App. 1988) (lack of objection on the part of defense counsel to the admission of evidence will be deemed a waiver of defendant’s sixth amendment right of confrontation where defendant does indicate disagreement with counsel’s decision, and counsel’s decision is a legitimate trial tactic); 
State v. Harper
, 33 Wash. App. 507, 510, 655 P. 2d 1199, 1200 (1982) (when a defendant does not object, defense counsel may, as a matter of trial tactics, waive a defendant’s right to confrontation by stipulating to the admission of evidence as long as the stipulation is not tantamount to a guilty plea); 
Bilokur v. Commonwealth
, 221 Va. 467, 473, 270 S.E.2d 747, 752 (1980) (stipulation into evidence of an incriminating extrajudicial statement was a legitimate trial tactic, and defendant did not object when stipulation was tendered; therefore, counsel properly waived defendant’s right of confrontation). But see 
Lewis v. State
, 647 S.W. 2d 753 (Tex. Crim. App. 1983) (defendant must consent in writing to waiver of confrontation and agreement to stipulate and must have court’s approval in writing); 
People v. Lawson
, 124 Mich. App. 371, 376, 335 N.W.2d 43, 46 (1983) (rights of the confrontation clause must be personally waived by the defendant).

We find the reasoning of the majority of the federal and state courts to be persuasive and consistent with our decisions in 
Ramey
 and 
Brocksmith
 setting forth the specific rights that only a defendant himself may waive. We agree that defense counsel may waive a defendant’s right of confrontation as long as the defendant does not object and the decision to stipulate is a matter of trial tactics and strategy. In so holding, we observe that the concerns of the appellate court dissent–that defense counsel may stipulate at trial over a defendant’s objections–are not well founded. We therefore affirm the appellate court’s finding that defense counsel may stipulate to the admission of evidence and thereby waive his client’s constitutional right to confrontation. 

In so holding, we note that defendant has cited 
Clemmons v. Delo
, 124 F.3d 944 (8th Cir. 1997), in support of his claim that only a defendant may waive his right to confrontation. We do not find 
Clemmons
 persuasive. In 
Clemmons
, neither the defendant nor his counsel 
waived the defendant’s right to confrontation. 
Clemmons
, 124 F.3d at 956. In observing that the right to confrontation was not waived by defendant or his counsel, the 
Clemmons
 court stated that “the law seems to be clear that the right of confrontation is personal and fundamental and cannot be waived by counsel.” 
Clemmons
 124 F.3d at 956. As the United States Court of Appeals for the Second Circuit has noted, however, 
Clemmons
’ statement that counsel cannot waive a defendant’s right to confrontation was 
dicta
. 
Plitman
, 194 F.3d at 63. In addition, the case cited by the 
Clemmons
 court as support for the statement that counsel cannot waive the right of confrontation, 
Brookhart v. Janis
, 384 U.S. 1, 7, 16 L. Ed. 2d 314, 319, 86 S. Ct. 1245, 1248 (1966), was distinguishable. 
Plitman
, 194 F.3d at 63 n.2. 

In 
Brookhart
, defendant’s counsel agreed to a “prima facie trial,” which was equivalent to a guilty plea. 
Brookhart
, 384 U.S. at 6-7, 16 L. Ed. 2d at 318, 86 S. Ct. at 1248. Notably, after the trial judge stated that in a 
prima facie
 case the defendant in effect admits his guilt, the defendant responded that he wished to point out that in no way was he pleading guilty. 
Brookhart
, 384 U.S. at 7, 16 L. Ed. 2d at 318-19, 86 S. Ct. at 1248. The Court found that the stipulation at issue in 
Brookhart
 was not merely a matter of trial tactics or strategy, but instead was “the practical equivalent of a plea of guilty.” 
Brookhart
, 384 U.S. at 7, 16 L. Ed. 2d at 319, 86 S. Ct. at 1248. In fact, in reversing the defendant’s conviction, the Court stated that it was doing so because “petitioner neither personally waived his right 
nor acquiesced in his lawyer’s attempted waiver
.” (Emphasis added.) 
Brookhart
, 384 U.S. at 8, 16 L. Ed. 2d at 319, 86 S. Ct. at 1249. Thus, as the appellate court correctly recognized in this case, when the State’s entire case is to be presented by stipulation and the defendant does not present or preserve a defense (see 
People v. Horton
, 143 Ill. 2d 11, 22 (1991) (“a stipulated bench trial is not tantamount to a guilty plea if the defendant presented and preserved a defense”)), or where the stipulation includes a statement that the evidence is sufficient to convict the defendant, the stipulation implicates fundamental due process concerns and can only be waived by the defendant personally. See 332 Ill. App. 3d at 814.

Finally, we find that defense counsel’s decision to stipulate was a matter of trial tactics and strategy. Defendant claims that absent the stipulation, he could not have been convicted of either residential burglary or criminal trespass because both offenses require proof that defendant’s entry into the residence was unauthorized, and Hoerr was the only witness in a position to establish that defendant had entered the premises without authority. In support of this argument, defendant notes that when the State requested a continuance in order to compel Hoerr’s appearance, the trial court granted the continuance but cautioned that the parties would then have to either “dismiss the case, or proceed with the witness, one or the other.” Defendant claims that under the circumstances, the decision to stipulate to the critical evidence of guilt was analogous to the decision to plead guilty to a lesser offense and, accordingly, the decision to stipulate was more than a matter of trial strategy and instead implicated defendant’s fundamental rights.

As noted, we agree with defendant that defense counsel cannot stipulate to facts which establish the guilt of the accused because the constitutional right implicated in that situation is the right of a defendant in a criminal case to plead not guilty. See 
United States v. Stephens
, 609 F.2d at 233 n.2. Nonetheless, we are not persuaded by defendant’s characterization of the stipulation in this case as establishing his guilt. Although the trial court stated, in granting the State’s motion for a continuance, that the court then would either dismiss the case or proceed with the witness, we note that this statement was made prior to the testimony of Griff Powell and Officer Thomas. After the trial court granted the State’s motion for a continuance, the State proceeded with the testimony of Powell and Officer Thomas. Powell testified that after the knocking had continued for some time, he started to go downstairs and saw defendant walking out the front door. Powell did not know defendant and had never seen defendant in the house. Powell and Hoerr decided to call the police because they were both leaving town that day and knew that it was easy to break into empty houses. Office Thomas testified that he was called to check a report of a person that had walked into a house and had left. Thomas spotted defendant, who fit the description of the suspect, and stopped to talk to him. Defendant first denied that he had been at Powell’s apartment. When told he fit the description of someone who had been there, defendant said that he had been in there looking for someone, but could not give the name of that person.

Following the testimony of Powell and Officer Thomas, defense counsel agreed to stipulate to the testimony of Blake Hoerr and then relied upon that stipulation in moving for a directed verdict and in his closing argument. Defense counsel used the stipulation to establish defendant’s lack of any criminal intent, because the stipulated testimony established that: defendant knocked on the door, then came into the hallway; defendant saw Hoerr and asked if there was a room for rent; when Hoerr said there was no room for rent, defendant left the premises. In moving for a directed verdict, defense counsel argued that the State had to prove intent in order to sustain a charge of residential burglary, and that the best evidence of defendant’s intent was what the defendant told Hoerr: that he was looking for a room to rent. Similarly, in closing argument, defense counsel again argued that the best indication of what defendant was thinking when he entered the residence was what defendant told Hoerr when he entered. Absent the stipulation, defendant had no explanation for his presence at the residence and certainly risked the jury concluding, based upon the testimony of Powell and Officer Thomas, that defendant’s entry was unauthorized. Although the stipulation contained Hoerr’s statement that defendant did not have Hoerr’s permission to enter the residence, the stipulation also allowed defense counsel to present evidence that there was a reasonable and legitimate explanation for defendant’s entry into the premises. Under the circumstances, we find that defense counsel’s agreement to stipulate was a matter of sound trial tactics and strategy.

For the foregoing reasons, then, we hold that counsel in a criminal case may waive his client’s sixth amendment right of confrontation by stipulating to the admission of evidence as long as the defendant does not object to or dissent from his attorney’s decision, and where the decision to stipulate is a matter of legitimate trial tactics or prudent trial strategy. Where the stipulation includes a statement that the evidence is sufficient to convict the defendant or where the State’s entire case is to be presented by stipulation, we find that a defendant must be personally admonished about the stipulation and must personally agree to the stipulation.

The judgment of the appellate court, which affirmed the judgment of the circuit court, is therefore affirmed.

Appellate court judgment affirmed.

JUSTICE KILBRIDE, concurring in part and dissenting in part:

I concur in the portion of the majority opinion holding that criminal defense counsel may waive a client’s right of confrontation by stipulating to evidence when the defendant does not object and when the stipulation constitutes legitimate trial tactics or strategy. I write separately on that portion of the opinion only to emphasize the principle that, pursuant to our decision, a defendant possesses the continuing right to object to or dissent from counsel’s decision to stipulate. See 
Fay v. Noia
, 372 U.S. 391, 439, 9 L. Ed. 2d 837, 869, 83 S. Ct. 822, 849 (1963) (choice to waive made by counsel not participated in by petitioner does not automatically bar relief to the petitioner), 
overruled in part on other grounds by Wainwright v. Sykes
, 433 U.S. 72, 87-88, 53 L. Ed. 2d 594, 608, 97 S Ct. 2497, 2507 (1977). Consequently, a defendant’s knowing consent to a stipulation should be found 
only
 when the defendant does not object to or dissent from that decision. This contradicts the appellate court’s holding that a defendant need not knowingly consent to counsel’s stipulation of evidence. To uphold such a holding would improperly deprive a defendant of the ability to object to or dissent from counsel’s stipulation. I write separately, in part, to reflect my firm belief that a defendant’s continued right to override counsel’s decision to stipulate to the admission of evidence must be unequivocally maintained.

I also write separately because I do not believe defense counsel’s agreement to stipulate in this case can be considered “a matter of sound trial tactics and strategy.” See slip op. at 13. The majority opinion concludes that the stipulation was part of defense counsel’s trial strategy because, in addition to showing that defendant entered the house without permission, the statements also established his lack of criminal intent by providing a reason for his entry. Slip op. at 13. While establishing these facts may have been helpful in developing a defense to the charges, here no defense was necessary because the State was unable to make a 
prima facie
 case without Hoerr’s stipulated statement.

Both residential burglary (720 ILCS 5/19–3 (West 2000)) and criminal trespass to a residence (720 ILCS 5/19–4 (West 2000)) require the State to prove that defendant lacked authority to enter the house. Without Hoerr’s statement that he did not give defendant permission to enter, the only evidence cited by the majority to show that defendant lacked proper authorization is Powell’s testimony that he and Hoerr “decided to call the police because they were both leaving town that day and knew it was easy to break into empty houses” and the investigating officer’s testimony that “he was called to check a report of a person that had walked into a house and had left” and that, when questioned, defendant could not provide the name of the person he was looking for in the house. Slip op. at 12. This testimony is entirely consistent with Hoerr’s answering the door after several knocks and letting defendant into the house, only to become concerned later about the events. The cited testimony does 
not
 establish that Hoerr did not initially authorize defendant to enter the house. Only Hoerr’s statement, admitted by the inexplicable stipulation of defense counsel, can serve that purpose.

Without any evidence establishing the same element of both crimes, defendant had no need to develop a further defense. Defense counsel’s stipulation only served to undermine defendant’s case and provide the State with the critical piece of proof it was missing. See slip op. at 12, citing 
United States v. Stephens
, 609 F.2d 230, 233 n.2 (5th Cir. 1980). Under these circumstances, admitting Hoerr’s statement could not have been part of any legitimate trial tactic or strategy. Thus, I respectfully dissent from the portion of the opinion concluding that defense counsel’s stipulation was a matter of sound trial tactics or strategy.