THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DORALETTA PORTER, Defendant-Appellant.

First District (2nd Division)   No. 1—01—1856

Opinion filed September 28, 2004, *nunc pro tunc* August 17, 2004.

Michael J. Pelletier and Elizabeth C. Smith, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Laura Ayala-Gonzalez, and Veronica Calderon Malavia, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GARCIA delivered the opinion of the court.[1]

The defendant, Doraletta Porter, was initially charged with theft by deception. 720 ILCS 5/16—1, 17—1 (West 2000). The State alleged the defendant altered a "Ten Times Lucky" lottery ticket, tendered the altered ticket to the Illinois State Lottery Office, and attempted to collect a reward based on the altered ticket.

However, on April 19, 2001, the State orally amended the complaint and charged the defendant with attempted theft by deception. 720 ILCS 5/8—4, 16—1(a)(2), 17—1 (West 2000). The State read its amended complaint into the record:

"Special Agent Leslie Sargent from the Illinois State Police, 2604, would testify that on July 26, 2000, at the location of 86' ' *** on Pulaski in Chicago, Illinois, the State Lottery Claim Center, we are alleging that the offense of attempt theft by deception was committed in that Doraletta Porter, with intent to commit the offense of theft by deception, knowingly performed a substantial step in that she tendered to the Illinois State Lottery Claim Office an altered lotto ticket, number 45290784080, with intent to gain control over United States currency, to wit, two thousand four hundred dollars."

In response to the State's amended complaint, the defendant's attorney waived reswearing and reverification. The trial judge then asked the defendant if she wished to waive her right to a jury trial. The defendant stated that she wanted a jury trial. However, the defendant's attorney asked to speak with the defendant and explained to the trial court that she believed the defendant was confused. The trial court again asked the defendant if she wished to waive her right to a jury trial. The defendant replied "yes."

A stipulated bench trial was then held. There were no opening statements, the defendant's attorney stipulated to the State's amended complaint *in toto*, the State rested, the defendant's attorney called no witnesses, and closing arguments were waived. The trial court then

---

[1]This decision was originally filed as an unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23). Upon the motion of the State Appellate Defender, we decided to publish this decision with only minor changes to the body of the text.

found the defendant guilty and sentenced her to six months' supervision and five days of community service.

The defendant appeals, arguing (1) the stipulated bench trial was tantamount to a guilty plea as her attorney did not preserve a defense and her guilty plea was not knowing and voluntary, and (2) her attorney was ineffective.

In its brief before this court the State concedes that, "[i]n [her] [a]rgument, defendant goes through great lengths in order to show that her stipulated bench trial was tantamount to a guilty plea. The People do not disagree." The State goes on to remark, "[t]he record clearly establishes that the parties entered into a negotiated plea agreement wherein defendant agreed to waive her right to a jury trial and enter into a stipulated bench trial on the offense of attempt theft by deception in exchange for the People's recommendation of a sentence of supervision." The State nonetheless argues that "contrary to defendant's position, the record also establishes that the trial court properly admonished defendant in accordance with Supreme Court Rule 402 [(177 Ill. 2d R. 402)]" and compares this case to *People v. Sutton*, 229 Ill. App. 3d 960, 594 N.E.2d 752 (1992).

The *Sutton* court found it unnecessary to reach the issue of whether the defendant's stipulation was tantamount to a guilty plea because, "[a]t no time did defense counsel stipulate to the sufficiency of the evidence to prove guilt beyond a reasonable doubt." *Sutton*, 229 Ill. App. 3d at 964. Moreover, in *Sutton* the trial court gave the defendant warnings that substantially complied with Rule 402. *Sutton*, 229 Ill. App. 3d at 965. We find *Sutton* distinguishable based on (1) the content of the stipulation in that case, and (2) the extent of the trial court's warning to the defendant. Instead, we find *People v. Campbell*, 208 Ill. 2d 203, 802 N.E.2d 1205 (2003), to be instructive.

In *Campbell*, our supreme court stated, "when the State's entire case is to be presented by stipulation and the defendant does not present or preserve a defense [citation], or where the stipulation includes a statement that the evidence is sufficient to convict the defendant, the stipulation implicates fundamental due process concerns and can only be waived by the defendant personally." *Campbell*, 208 Ill. 2d at 218. Because the State concedes that the defendant's attorney's stipulation was "tantamount to a guilty plea," we look to the record to examine whether the trial court complied with Supreme Court Rule 402, which details the admonitions a trial court must give to a defendant when accepting a guilty plea. 177 Ill. 2d R. 402.

Supreme Court Rule 402 states:

"(a) The court shall not accept a plea of guilty *** without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him ***." 177 Ill. 2d R. 402.

In this case, the trial court clearly complied with Rule 402 in describing the nature of the charges and corresponding penalty facing the defendant. 177 Ill. 2d Rs. 402(a)(1), (a)(2). However, nowhere in the record is there evidence that the trial court complied with the third and fourth components of Rule 402. The trial court failed to warn the defendant that her attorney's stipulation to all the evidence in the State's amended complaint was effectively a stipulation to the sufficiency of the evidence against her and a corresponding finding of guilt.

We find it particularly suspect that the trial court did not admonish the defendant after her attorney, in her stipulation to the State's amended complaint, stipulated to the defendant's intent in tendering an altered lottery ticket to the Illinois State Lottery Claim Office. Specifically, the defendant's attorney stipulated "the offense of attempt theft by deception was committed in that Doraletta Porter, with intent to commit the offense of theft by deception, knowingly performed a substantial step in that she tendered to the Illinois State Lottery Claim office an altered lotto ticket *** with intent to gain control over United States currency." Pursuant to the third requirement of Rule 402, the trial court should have admonished the defendant regarding the fact that she had the right to plead guilty or not guilty to the charge against her, yet it failed to do so. 177 Ill. 2d R. 402(a)(3).

The trial court also neglected to admonish the defendant that by pleading guilty, she was waiving her right to a trial of any kind, including the right to a trial by jury and the right to confront witnesses. 177 Ill. 2d R. 402(a)(4). The State's brief asserts:

"The record clearly demonstrates that the trial court complied with the first two requirements under Rule 402 ***. In addition, the trial court also admonished defendant of the last two requirements when it went over the original complaint and the amended complaint and told defendant that the complaint was 'just a charg-

ing document and there's a presumption of innocence which will not be overcome unless proved beyond a reasonable doubt.' Defendant was also advised of her right to a jury trial numerous times. The record also establishes that defendant voluntarily and understandingly waived her right to a jury trial. This conclusion is made evident by the fact that jury selection had already begun in the instant case. After the afternoon recess, defendant, after being admonished by the court concerning her right to proceed with the jury trial, waived that right orally in open court and in a written jury waiver. Therefore, the trial court substantially complied with Supreme Court Rule 402 in admonishing defendant of her rights." We cannot agree. Although it may be true that the trial court repeatedly made the defendant aware that she had a right to a jury trial, it did not warn her that she had a right to plead guilty or not guilty, that her counsel's stipulation was effectively tantamount to a guilty plea, or that she had a right to confront and present witnesses during the stipulated bench trial.

The State also asserts the defendant's argument has been waived because no objection was made at the time of the stipulation and the issue was not preserved in a motion for a new trial. Moreover, the State emphasizes the defendant did not argue plain error and the facts of this case do not justify its use.

"The rule of waiver is, of course, a limitation on the parties and not the courts." *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 514, 639 N.E.2d 1273 (1994). Moreover, in the interest of justice the court may consider an issue a party has waived. *Geise*, 159 Ill. 2d at 514. Although the State is correct that no objection was made and this issue was not preserved in a motion for a new trial, the rights of defendant that are at stake in this case clearly compel us to analyze this issue under the plain error doctrine. "The plain error rule bypasses normal forfeiture principles and allows a reviewing court to consider a putative trial error when either (1) the evidence is closely balanced or (2) the error is 'so substantial that it affected the fundamental fairness of the proceeding, and remedying the error is necessary to preserve the integrity of the judicial process.'" *People v. Graham*, 206 Ill. 2d 465, 475, 793 N.E.2d 231 (2003), quoting *People v. Hall*, 194 Ill. 2d 305, 335 (2000).

The *Campbell* court found in that case that defendant's counsel's stipulation was not error but, instead, trial strategy. The focus in that case was on the *content* of the counsel's stipulation. "[D]efense counsel cannot stipulate to facts which establish the guilt of the accused because the constitutional right implicated in that situation is the right of a defendant in a criminal case to plead not guilty." *Campbell*,

208 Ill. 2d at 219, citing *United States v. Stephens*, 609 F.2d 230, 233 n.2 (5th Cir. 1980). Here, although the defendant challenges her counsel's stipulation in her ineffective assistance of counsel claim, we need not reach the merits of that argument because we have determined (1) counsel's stipulation was tantamount to a guilty plea, and (2) the trial court erred in not admonishing the defendant in accordance with Rule 402.

Our reading of the record makes clear that the defendant agreed to a stipulated bench trial but did not plead guilty. In the case *sub judice*, the defendant's attorney stipulated to the State's entire amended complaint and such a stipulation was the equivalent of a guilty plea by the defendant. "Where the stipulation includes a statement that the evidence is sufficient to convict the defendant or where the State's entire case is to be presented by stipulation, we find that a defendant must be personally admonished about the stipulation and must personally agree to the stipulation." *Campbell*, 208 Ill. 2d at 221. Because the State's entire case was presented by stipulation and the defendant was not personally admonished by the trial court regarding it, the defendant did not personally agree to the stipulation. We therefore reverse the trial court and remand for a new trial.

## CONCLUSION

Based on our foregoing analysis, we reverse and remand.

Reversed and remanded.

BURKE, P.J., and CAHILL, J., concur.