THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOANNE Y. PHILLIPS, Defendant-Appellant.

Third District    Nos. 3—00—0510, 3—00—0511 cons.

Opinion filed October 14, 2004.

Donna K. Kelly (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Terence M. Patton, State's Attorney, of Cambridge (Lawrence M. Bauer and Rita Kennedy Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

This matter is before us once again pursuant to a supervisory order of the Illinois Supreme Court directing this court to vacate its earlier judgment (*People v. Phillips*, 326 Ill. App. 3d 157, 759 N.E.2d 946 (2001)) and to reconsider its decision in light of *People v. Campbell*, 208 Ill. 2d 203, 802 N.E.2d 1205 (2003), to determine if a different result is warranted.

The prior decision of this court affirmed the conviction by jury of Joanne Y. Phillips for unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 1998)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1998)), unlawful possession of cannabis (720 ILCS 550/4(a) (West 1998)), and driving while license suspended (625 ILCS 5/6—303) (West 1998)). Defendant was sentenced to four years' imprisonment on the charge of possession with intent to deliver. The second conviction for possession of a controlled substance was vacated; defendant was sentenced to time served on the cannabis charge; and a conviction was entered on the suspended license charge. The sentence was also affirmed by this court.

At the trial of Joanne Phillips, the State had presented, by stipulation, laboratory reports establishing the contents, identity and weight of the controlled substances found in defendant's car at the time of her arrest. Defendant's attorney stipulated to their admission and defendant herself voiced no objection either when the reports were admitted without testimony of a laboratory technician or when the prosecutor alluded to them in the State's opening statement and closing argument. On appeal, defendant relied heavily on the recent decision of the Illinois Supreme Court in *People v. McClanahan*, 191 Ill. 2d 127, 729 N.E.2d 470 (2000), striking down as unconstitutional a statute that provided for the admission of hearsay laboratory reports with only an affidavit unless the defendant objected. 725 ILCS 5/115—15 (West 1998). The court held that the statute impermissibly requires a defendant to take a procedural step to secure his constitutional right of confrontation and does not require a knowing, intelligent, and voluntary waiver of this right. *McClanahan*, 191 Ill. 2d at 140, 729 N.E.2d at 478.

In so holding, the supreme court said:

"In the absence of this statute, the State would have to secure a knowing waiver of the confrontation right by acquiring a defen-

dant's stipulation to allow the lab report into evidence without the testimony of the report's preparer. Unlike section 115—15, these stipulations properly require a defendant to make a voluntary, knowing, and intelligent decision whether he wishes to waive his right to confront the preparer of the report." *McClanahan*, 191 Ill. 2d at 137-38.

Relying on the quoted language, Phillips had argued that her sixth amendment right of confrontation had been violated because she was not given an opportunity to personally make a knowing and voluntary waiver of that right.

Based on that same language, the defendant in *People v. Campbell*, 208 Ill. 2d 203, 802 N.E.2d 1205 (2003), had argued in his case that any waiver of the right of confrontation must be a knowing waiver made by the defendant personally. The court responded to that contention by Campbell, saying:

"We decline to read *McClanahan* so broadly. Contrary to defendant's interpretation of *McClanahan*, this court has never held that only a defendant can waive his sixth amendment right of confrontation. In fact, this court has never directly addressed the issue of whether defense counsel may waive a defendant's right of confrontation by stipulating to the admission of evidence." *Campbell*, 208 Ill. 2d at 212, 802 N.E.2d at 1210.

In *Phillips*, 326 Ill. App. 3d at 161, 759 N.E.2d at 948-49, this court distinguished the defendant's situation from that of McClanahan, noting, first, that, unlike McClanahan, Phillips had not objected to the stipulation and concluding, second, that her consent to the stipulation could be reasonably inferred from her failure to object. The court then held that because the reports were admitted pursuant to stipulation and not pursuant to the provisions of the unconstitutional statute, Phillips's argument that she was denied her sixth amendment right to confront witnesses must fail.

In *People v. Campbell*, 208 Ill. 2d 203, 802 N.E.2d 1205 (2003), the supreme court considered a stipulation apparently agreed to by counsel without any evidence of consultation with or consent by the defendant. Unlike in *McClanahan* and *Phillips*, the stipulation concerned certain facts set forth in a statement that would have been testified to at trial but for the unavailability of the witness. It is not clear that the State could have secured a conviction without that testimony. At the time the stipulation was entered into, the trial judge had said the case would be dismissed if the witness could not be produced, and the jury had been selected and had heard testimony so jeopardy had attached. Nonetheless the majority found there was value to defendant in some aspects of the statement of the missing witness and therefore an agree-

ment to stipulate was a matter of sound trial tactics and strategy. *Campbell*, 208 Ill. 2d at 220, 802 N.E.2d at 1214-15.

■ Rejecting Campbell's reliance on *McClanahan* as based on a faulty interpretation, the court undertook a lengthy survey and evaluation of the existing decisions concerning who can appropriately waive a defendant's sixth amendment right to be actually confronted by the witnesses against him or her. The *Campbell* court then held:

> "For the *foregoing reasons*, then, we hold that *counsel* in a criminal case may waive his client's sixth amendment right of confrontation by stipulating to the admission of evidence *as long as* the defendant does not object to or dissent from his attorney's decision, *and* where the decision to stipulate is a matter of legitimate trial tactics or prudent trial strategy. Where the stipulation includes a statement that the evidence is sufficient to convict the defendant *or* where the State's entire case is to be presented by stipulation, we find that a defendant must be personally admonished about the stipulation and must personally agree to the stipulation." (Emphasis added.) *Campbell*, 208 Ill. 2d at 220-21, 802 N.E.2d at 1215.

Because Campbell had not objected and the court concluded that there were legitimate trial tactics or prudent strategic reasons for agreeing to the stipulation, Campbell's sixth amendment right to confront witnesses was appropriately waived by his counsel and not by him.

The supreme court has now advised us that *Campbell*, not *McClanahan*, is its seminal consideration of and decision on the issue of who can waive a defendant's sixth amendment right of confrontation. Accordingly, we reanalyze Joanne Phillips's appeal once again.

■ We begin with the language of the sixth amendment to the United States Constitution, which states, in pertinent part:

> "In all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him; *** and to have the Assistance of Counsel for his defence." U.S. Const., amend. VI.

Similar language can be found in article I, section 8, of the Illinois Constitution, providing, in pertinent part:

> "In criminal prosecutions, the accused shall have the right to appear and defend in person and by counsel; *** [and] to be confronted with the witnesses against him or her ***." Ill. Const. 1970, art. I, § 8.

It is clear from the plain language that the right is the defendant's. It also may be reasonably inferred that the attorney assisting with the defense may be authorized by the defendant to exercise the right on his or her behalf. We do not find anything in *Campbell* that suggests a contrary conclusion.

Indeed, the *Campbell* court discussed its decision in *People v. Ramey*, 152 Ill. 2d 41, 604 N.E.2d 275 (1992), in which it held:

"[T]here are four decisions that ultimately belong to the defendant in a criminal case after consultation with his attorney: (1) what plea to enter; (2) whether to waive a jury trial; (3) whether to testify in his own behalf; and (4) whether to appeal. *Ramey*, 152 Ill. 2d at 54. This court then stated that:

'Beyond these four decisions, however, trial counsel has the right to make the ultimate decision with respect to matters of tactics and strategy *after consulting with his client.* Such matters include what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike and what trial motions should be made. [Citation.] Such matters also include the defense to be presented at trial.' *Ramey*, 152 Ill. 2d at 54." (Emphasis added.) *Campbell*, 208 Ill. 2d at 210, 802 N.E.2d at 1209.

■ Construing the fundamental constitutional right in conjunction with the supreme court's decision in *Campbell*, we conclude that in order to waive the defendant's sixth amendment right of confrontation by stipulating to the admission of evidence, there must be some affirmative showing or indication by the defendant in the record that he or she did not object to or dissent from the attorney's decision to stipulate. In trying to determine what is necessary to find that "the defendant does not object to or dissent from his attorney's decision" (*Campbell*, 208 Ill. 2d at 221, 802 N.E.2d at 1215), we refer again to *McClanahan*:

"Unlike section 115—15, these stipulations properly require a defendant to make a voluntary, knowing, and intelligent decision whether he wishes to waive his right to confront the preparer of the report." *McClanahan*, 191 Ill. 2d at 137-38, 729 N.E.2d at 478.

We conclude from that language—as well as that previously quoted from *Campbell* and from *Ramey*—that the requirement of a voluntary, knowing and intelligent waiver is inherent in defendant's *election* not to object to stipulating and that there needs to be some evidence in the record that defendant knowingly waived. That is to say that he or she was advised of the right to confront witnesses and of the nature and legal impact of waiving that right through the proposed stipulation, and either concurred with or objected to it.

According to *Campbell*, whether that advice is given to her in the form of admonishments by the court or simply information from her attorney depends on the nature of the evidence that is the subject of the stipulation. In the case of Joanne Phillips, it is lab reports that prove that the substance in her possession was, in fact, contraband and that she possessed it in a sufficient amount to establish intent to deliver.

The standard that would require admonishments by the court was stated in *Campbell* as being "[w]here the stipulation includes a statement that the evidence is sufficient to convict the defendant *or* where the State's entire case is to be presented by stipulation." (Emphasis added.) *Campbell*, 208 Ill. 2d at 221. There is quite obviously in this case no such "statement" because the need for one was unknown to the parties. While the stipulated evidence is clearly data without which defendant could not be convicted, something more is needed. She cannot be convicted without evidence that the drugs were in her possession and that they were properly seized. Inasmuch as the State presented other witnesses in support of its charge, it is clear that the State's entire case was not presented by stipulation. Judicial admonishments do not, therefore, appear to be mandated in this case.

With regard to advice from her attorney, a review of the record in the present case discloses nothing that demonstrates (or even suggests) that the attorney explained to Phillips what decisions were generally made by him absent her objection or, more specifically, what a stipulation is and its legal impact, what he intended to stipulate to, and what the implications were of stipulating to the specific data in the lab reports. A failure to provide the defendant with that basic information deprives her of a meaningful opportunity to make a reasoned objection. Nor is there any representation by the attorney to the court that he discussed these matters with his client and she did not object. In a situation such as the one suggested by nothing more than the absence of an objection in the instant record, the defendant would have needed a combination of some rudimentary understanding of the legal concept of stipulation (which we do not believe can be fairly assumed) and enough luck to "alert" to the word in the course of the trial. Such a hit or miss proposition simply cannot result in either a reasoned objection or a knowing and voluntary assignment of her right to waive confrontation to her attorney, and we do not believe that it was the intent of our supreme court to validate a complete disregard of a defendant's interest in this constitutional right.

We, therefore, find that the record does not demonstrate defendant's knowing agreement with or objection to the stipulation. Having found that reliance on defendant's lack of objection would not be warranted, we need not consider whether the agreement to stipulate was a sound trial tactic or prudent trial strategy in order to conclude that the record is insufficient to show that Phillips's attorney did have authority to stipulate.

We believe that the record before us requires that defendant's conviction be vacated and the case remanded for a new trial, and we so order.

Conviction vacated; case remanded.

HOLDRIDGE, P.J., and LYTTON, J., concur.