THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAMUEL R. SCOTT, Defendant-Appellant.

Third District    No. 3—01—0981

Opinion filed February 16, 2005.

McDADE, J., dissenting.

Donna K. Kelly, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin

and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

The defendant, Samuel R. Scott, was convicted of unlawful delivery of a controlled substance in a drug-free zone. 720 ILCS 570/401(d), 407(b)(2) (West 1996). The trial court sentenced him to 12 years' imprisonment. Defendant filed a postconviction petition, which was dismissed by the trial court. Defendant appeals, contending that: (1) he was denied effective assistance of counsel because his attorney was laboring under a conflict of interest at his preliminary hearing; and (2) the admission of a lab report at trial resulted in a violation of his right to confront the witnesses against him. We affirm.

## FACTS

Attorney F. Michael Meersman was appointed to represent defendant after he was charged with unlawful delivery of a controlled substance in a drug-free zone. At the preliminary hearing, Officer John Hitchcock testified that he had observed defendant participate in the sale of cocaine at a public housing agency apartment occupied by Paul Brinkman. On cross-examination, Hitchcock testified that Brinkman had "denied everything" related to the alleged transaction.

The court found probable cause for the charge. Meersman then notified the court that he had also been appointed to represent Paul Brinkman, but he was unsure if that matter was related to the incident involving defendant.

Meersman subsequently filed a motion to withdraw as defendant's attorney, asserting that a conflict of interest existed because he was appointed to represent Brinkman on charges related to this transaction, and Brinkman's account of the events was contradictory to defendant's version. The motion to withdraw was granted and another attorney was appointed to represent defendant.

At trial, the testimony showed that Hitchcock was working as an undercover officer when he spoke to defendant and expressed an interest in buying cocaine. Defendant led Hitchcock to an apartment in a public housing complex, knocked on the door and spoke with Paul Brinkman. Brinkman testified that defendant asked him for "rock cocaine." Brinkman went to the rear of the apartment and then returned and placed a "rock" on the kitchen stove. Defendant picked up the rock. Hitchcock handed defendant $20. Defendant then handed the $20 to Brinkman and handed the rock to Hitchcock.

The State also introduced a lab report indicating that the substance weighed 0.1 gram and tested positive for the presence of cocaine. Defense counsel did not object to the admission of the lab

report. The record also shows defendant's attorney agreed to stipulate to the contents of the report during a motion hearing held immediately prior to the trial.

The jury found defendant guilty of the offense, and the trial court sentenced him to 12 years' imprisonment. This court affirmed the judgment of the trial court on direct appeal. *People v. Scott*, No. 3—97—0657 (1999) (unpublished order under Supreme Court Rule 23). Defendant then filed a postconviction petition, which was dismissed by the trial court.

## DISCUSSION

On appeal, defendant contends that he was denied effective assistance of counsel because his attorney labored under either a *per se* or actual conflict of interest at the preliminary hearing.

■ A *per se* conflict of interest exists if a defendant's attorney has a professional relationship with a State witness contemporaneously with counsel's representation of the defendant. *People v. Flores*, 128 Ill. 2d 66, 538 N.E.2d 481 (1989); *People v. Hernandez*, 246 Ill. App. 3d 243, 615 N.E.2d 843 (1993). If a *per se* conflict exists, a defendant is not required to show he was prejudiced by the representation to obtain a reversal of his conviction. *People v. Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30 (1988).

In contrast, a defendant who alleges an actual conflict of interest generally must show that the conflict affected his attorney's performance. *Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30; *Hernandez*, 246 Ill. App. 3d 243, 615 N.E.2d 843. Actual conflicts of interest usually involve joint or multiple representation of codefendants. *Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30. If defense counsel brings a potential conflict, such as multiple representation of codefendants, to the attention of the trial court at an early stage, the court has a duty to either appoint separate counsel or to ascertain if the risk of conflict is too remote to warrant separate counsel. *Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30. Reversal of a conviction for failure of the trial court to alleviate a potential conflict of interest at an early stage does not require a showing of prejudice. *Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30.

■ Initially, we find that a *per se* conflict of interest did not exist. Although Meersman was appointed to represent Brinkman prior to defendant's preliminary hearing, the record shows that Meersman had not yet engaged in the representation of Brinkman at that time. Meersman did not meet with Brinkman prior to defendant's preliminary hearing. At defendant's hearing, Meersman was not aware of the nature of the charges against Brinkman or whether those charges were related to the charges against defendant. Moreover, Meersman

immediately withdrew from defendant's case after he met with Brinkman and discovered there was a conflict of interest. Based on these circumstances, we find that a *per se* conflict of interest did not exist because Meersman was not representing Brinkman at the time he appeared at defendant's preliminary hearing.

We also find that no actual conflict of interest existed. Meersman informed the trial court of the possibility of a conflict at an early stage in the proceedings. Shortly thereafter, Meersman discovered that Brinkman's statement of the events conflicted with defendant's account. Upon discovering the conflict, Meersman immediately moved to withdraw from representing defendant. The trial court granted Meersman's motion and appointed a new attorney for defendant. Therefore, the trial court remedied the conflict at an early stage of the proceedings.

Further, defendant has not shown that the conflict affected Meersman's performance during the preliminary hearing. Again, Meersman was not aware that he was appointed to represent Brinkman on charges related to this transaction until after defendant's preliminary hearing was completed. Additionally, we note that Meersman elicited that Brinkman had "denied everything" related to the alleged sale of cocaine. This testimony was beneficial to defendant because Brinkman was apparently the only person other than Hitchcock who could verify that the transaction occurred. Accordingly, we conclude that defendant did not show that the conflict affected Meersman's performance, and defendant is not entitled to relief on his claim.

■ Defendant also contends that his constitutional right to confront the witnesses against him was violated because the lab report was admitted into evidence pursuant to a statute that was subsequently found unconstitutional.

We recognize our supreme court has held that section 115—15(c) of the Code of Criminal Procedure of 1963 (725 ILCS 115—15(c)), which allows for admission of lab reports without the testimony of the preparer when the defendant fails to timely demand such testimony, violates a defendant's constitutional right to confront the witnesses against him. *People v. McClanahan*, 191 Ill. 2d 127, 729 N.E.2d 470 (2000). However, the lab report was not admitted under section 115—15(c) in this case. Rather, defense counsel agreed to stipulate to the contents of the report.

In *People v. Campbell*, 208 Ill. 2d 203, 220-21, 802 N.E.2d 1205, 1215 (2003), our supreme court held that "counsel in a criminal case may waive his client's sixth amendment right of confrontation by stipulating to the admission of evidence as long as the defendant does not object to or dissent from his attorney's decision, and where the

decision to stipulate is a matter of legitimate trial tactics or prudent trial strategy." In this case, after indicating that he was not objecting to the test results, defense counsel stated that he had advised the defendant about "the different weights and calling the chemist" and that he would talk to the defendant again. There is nothing in the record indicating that defendant objected at any time to counsel's decision to stipulate to the lab report. With regard to whether the stipulation was a matter of strategy, defense counsel stated that the weight and nature of the drugs were not at issue. Defendant testified that he was either at the Elks Club in Rock Island playing pool or waiting for a bus at the time of the alleged drug sale. Given this alibi defense, there was no reason to contest the lab report. Doing so could have confused the jurors and distracted them from defendant's defense. We find, therefore, that the requirements of *Campbell* have been satisfied and defendant was not denied his sixth amendment right of confrontation.

We recognize that our decision is contrary to that reached by a different panel of this court in *People v. Phillips*, 352 Ill. App. 3d 867, 817 N.E.2d 566 (2004), which held that a stipulation by counsel requires an affirmative showing or indication in the record that the defendant did not object to or dissent from the decision to stipulate. This "affirmative showing" requires, according to *Phillips*, evidence that the defendant "was advised of the right to confront witnesses and of the nature and legal impact of waiving that right through the proposed stipulation, and either concurred with or objected to it." *Phillips*, 352 Ill. App. 3d at 871, 817 N.E.2d at 571. We believe that *Phillips* misinterpreted *Campbell* when it imposed a requirement that a defendant must personally waive his confrontation rights. *Phillips* determined that a stipulation requires a voluntary, knowing and intelligent waiver based on the following language from *People v. McClanahan*:

> " 'Unlike section 115—15, these stipulations properly require a defendant to make a voluntary, knowing, and intelligent decision whether he wishes to waive his right to confront the preparer of the report.' " *Phillips*, 352 Ill. App. 3d at 871, 817 N.E.2d at 570, quoting *McClanahan*, 191 Ill. 2d at 137-38, 729 N.E.2d at 478.

That very same language, however, was quoted in *Campbell*, after which the supreme court stated:

> "Defendant argues that based upon the foregoing language, it is clear that any waiver of the right to confrontation must be a knowing waiver made by the defendant personally.
>
> We decline to read *McClanahan* so broadly. Contrary to defendant's interpretation of *McClanahan*, this court has never held

that only a defendant can waive his sixth amendment right of confrontation." *Campbell*, 208 Ill. 2d at 212, 802 N.E.2d at 1210.

Thus *Campbell* explicitly rejected the rationale employed by the *Phillips* court. Under *Campbell*, no sixth amendment violation occurs when a defendant does not object to or dissent from his attorney's decision to stipulate where that decision is a matter of legitimate trial tactics. Contrary to *Phillips*, we believe that *Campbell* indicates that the record need not establish the defendant was informed of and explicitly waived his confrontation rights.

For the reasons stated above, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY, J., concurs.

JUSTICE McDADE, dissenting:

In 2004, a different panel of this court unanimously decided the case of *People v. Phillips*, 352 Ill. App. 3d 867, 817 N.E.2d 566 (2004). In it, we found that in order for a stipulation of evidence by defense counsel to comport with the principle of the defendant's right to be confronted with adversarial evidence and witnesses, there must be an affirmative showing on the record that the defendant did not object to or dissent from counsel's decision to stipulate. *Phillips*, 352 Ill. App. 3d at 871, 817 N.E.2d at 571.

The decision in *Phillips* relied on the supreme court's decision in *People v. Campbell*, 208 Ill. 2d 203, 802 N.E.2d 1205 (2003), in which the court held that "counsel in a criminal case may waive his client's sixth amendment right of confrontation by stipulating to the admission of evidence as long as the defendant does not object to or dissent from his attorney's decision, and where the decision to stipulate is a matter of legitimate trial tactics or prudent trial strategy." *Campbell*, 208 Ill. 2d at 220-21, 802 N.E.2d at 1215.

We considered this principle in light of the supreme court's statement, in *People v. McClanahan*, 191 Ill. 2d 127, 729 N.E.2d 470 (2000), that the " '[w]aiver of a constitutional right is valid only if it is clearly established that there was "an intentional relinquishment or abandonment of a known right." ' [Citations.]" and that "[s]uch waivers must not only be voluntary, but must be ' "knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." ' [Citations.]" *McClanahan*, 191 Ill. 2d at 137, 729 N.E.2d at 476.

We concluded from this language that there must be some evidence

that the defendant understood the right that was being given up by defense counsel's stipulation. Although *Campbell* holds that defense counsel may stipulate in the absence of the defendant's objection, that lack of objection is meaningless if the defendant does not understand the consequences of the stipulation or is not given a reasonable chance to object. *McClanahan*, as well as the plain language of both the federal and state constitutional confrontation guarantees, makes clear that the right to confront witnesses is a right personal to the defendant. As *Campbell* illustrates, defense counsel may be authorized to exercise this right on defendant's behalf. Nevertheless, the right must be knowingly and intelligently waived. Absent any evidence on the record that the defendant was aware of the power of counsel to stipulate or the possible consequences of stipulation, but nevertheless did not object to the stipulation, we could not find that the defendant's waiver of that right was knowing and intelligent.

According to the majority in this case, *Phillips* was wrongly decided. The majority argues that the decision in *Phillips* misinterpreted *Campbell* by requiring affirmative evidence of the defendant's failure to object to the stipulation. The majority characterizes this as the same rationale rejected by *Campbell*. I do not agree with this evaluation.

*Campbell* rejected the notion that a defendant must explicitly waive the right to confrontation in order for a stipulation to be constitutionally proper. *Phillips* is not inconsistent with that holding. Despite the majority's characterization of the decision, *Phillips* does not require an explicit waiver of the right to confrontation. What it does require is some affirmative showing on the record that the stipulation and its meaning and possible effects were brought to the attention of the defendant by counsel. As I have already stated, the lack of an objection is meaningless if the defendant does not understand what is going on.

It is, then, not accurate to state, as does the majority, that the *Phillips* decision requires that the defendant explicitly waive his confrontation rights. Rather, it only requires that there be a showing on the record that the defendant had the opportunity and understanding necessary to assert them, if he or she so chose. This is not a conclusion that is contrary to *Campbell*, as the majority asserts, but rather is the approach that best incorporates the principles of *Campbell*, *McClanahan*, and the constitutional guarantee of the right to confrontation. Therefore, because I disagree with the majority's interpretation of *Phillips* and its application of *Campbell* to this case, I respectfully dissent.