THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OLAJIDE BANKS, Defendant-Appellant.

First District (3rd Division)    No. 1—04—0801

Opinion filed July 20, 2005.

Michael J. Pelletier and Emily E. Filpi, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Mary L. Boland, Sally Dilgart, and Leanna Baly, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court:

Defendant Olajide Banks was convicted after a bench trial of delivery of a controlled substance and was sentenced to 24 months'

probation. On appeal, defendant contends that he is entitled to a new trial because the record does not indicate that he knowingly and intelligently waived his right to confront witnesses before his trial counsel stipulated to the chemical composition of, and chain of custody over, the recovered evidence. Defendant also contends that section 5—4—3 of the Unified Code of Corrections (730 ILCS 5/5—4—3 (West 2002)) (the Code), under which he was required to submit a DNA sample, is unconstitutional. We affirm.

At trial, the State presented the testimony of three Chicago police officers involved in narcotics surveillance near the Bryn Mawr "el" stop on March 14, 2003. Officer Jennifer Fowler testified that at approximately 4:45 p.m., she saw a woman later identified as Susan Singleton approach defendant, whom Fowler knew, near the "el" stop and hand him money. Defendant than reached into his mouth and spit a pea-sized object wrapped in plastic into his hand. Defendant gave the object to Singleton, who kept it in her clenched right fist.

Fowler radioed descriptions of defendant and Singleton to enforcement officers. Officer Eric Torres received Fowler's transmission and approached Singleton in an unmarked squad car. As he exited his vehicle, Singleton looked in his direction and casually dropped from her right fist a small item. Torres recovered the item, and Fowler identified Singleton as the woman engaged in the suspected narcotics transaction.

Officer Sean Barkstrom received a radio transmission describing the suspected seller. Barkstrom approached the Bryn Mawr "el" stop in his squad car and stopped defendant. Defendant was arrested after Fowler identified him as the man engaged in the suspected narcotics transaction.

The parties stipulated that a proper chain of custody was maintained at all times over the item Torres recovered and that forensic chemist Mohammed Sarwar would testify that the item, which weighed 0.1 gram, tested positive for cocaine.

After defendant was found guilty and sentenced, he was ordered to submit a DNA sample pursuant to section 5—4—3 of the Code.

■ Defendant contends on appeal that because the record is devoid of any indication that his attorney informed him of the legal consequences of entering into the above stipulation, or that he consented to his attorney's decision to enter into the stipulation, his confrontation rights under the federal and state constitutions were violated. Defendant relies on the Third District's decision in *People v. Phillips*, 352 Ill. App. 3d 867, 817 N.E.2d 566 (2004), *appeal allowed*, 213 Ill. 2d 571 (2005), for support. That case, which interpreted our supreme court's decision in *People v. Campbell*, 208 Ill. 2d 203, 802

N.E.2d 1205 (2003), held that "in order to waive the defendant's sixth amendment right of confrontation by stipulating to the admission of evidence, there must be some affirmative showing or indication by the defendant in the record that he or she did not object to or dissent from the attorney's decision to stipulate." *Phillips*, 352 Ill. App. 3d at 871, 817 N.E.2d at 570.

We agree with the State's position that defendant's contention runs counter to our supreme court's decision in *Campbell*, 208 Ill. 2d at 220-21, 802 N.E.2d at 1214-15, which held that defense counsel may waive a defendant's right of confrontation by stipulating to the admission of evidence so long as the defendant does not object to his or her attorney's decision and the decision is a matter of legitimate trial tactics or trial strategy. In this case, the record does not indicate that defendant objected to the stipulation. Further, counsel's decision to enter into the stipulation in order to focus on other aspects of the case, including challenging the recollection and credibility of the officers, was sound. Additionally, this case does not involve any of the specific circumstances discussed in *Campbell*, 208 Ill. 2d at 218-21, 802 N.E.2d at 1213-15, where the waiver must be made by the defendant personally.

We also note that in *People v. Scott*, 355 Ill. App. 3d 741, 745, 824 N.E.2d 302, 307 (2005), another panel of the Third District recently disagreed with *Phillips* and concluded that the record need not establish that the defendant was informed of and explicitly waived his or her confrontation rights. We find the *Scott* decision to be better reasoned in light of *Campbell* and decline to follow *Phillips*. We therefore find in this case that defendant's confrontation rights were not violated.

■ Defendant also contends that section 5—4—3 of the Code violates his fourth amendment right to be free from unreasonable searches and seizures. Defendant argues his rights are violated because the extraction of his DNA is not for any "special need" beyond general law enforcement, and because the intrusion into his bodily integrity and privacy outweighs the State's interest in collecting the DNA of nonviolent, nonsexual offenders. Defendant asserts the State has no compelling interest in the DNA of nonviolent, nonsexual offenders like him.

The purpose of section 5—4—3, which provides that any person convicted or found guilty of a felony must submit a DNA specimen to the Illinois Department of State Police for analysis, is to create a database containing the genetic identity of recidivist criminal offenders. *People v. Garvin*, 349 Ill. App. 3d 845, 853, 812 N.E.2d 773, 780 (2004), *appeal allowed*, 212 Ill. 2d 541, 824 N.E.2d 287 (2004). This

court has repeatedly rejected arguments that section 5—4—3 is unconstitutional. See *People v. Redmond*, 357 Ill. App. 3d 256, 264, 828 N.E.2d 1206, 1214 (2005); *People v. Foster*, 354 Ill. App. 3d 564, 571, 821 N.E.2d 733, 740 (2004); *People v. Butler*, 354 Ill. App. 3d 57, 68, 819 N.E.2d 1133, 1142 (2004); *People v. Edwards*, 353 Ill. App. 3d 475, 484-86, 818 N.E.2d 814, 823-24 (2004); *People v. Ramos*, 353 Ill. App. 3d 133, 153-54, 817 N.E.2d 1110, 1128-29 (2004); *People v. Smythe*, 352 Ill. App. 3d 1056, 1061, 817 N.E.2d 1100, 1104-05 (2004); *People v. Peppers*, 352 Ill. App. 3d 1002, 1007-08, 817 N.E.2d 1152, 1157-58 (2004); *People v. Hall*, 352 Ill. App. 3d 537, 548-50, 816 N.E.2d 703, 712-13 (2004); see also *Garvin*, 349 Ill. App. 3d at 853-56, 812 N.E.2d at 780-83 (Second District case upholding section 5—4—3 and noting that all 50 states and the District of Columbia have enacted statutes mandating genetic marker testing and that numerous constitutional challenges have been rejected). In *Butler*, 354 Ill. App. 3d at 64-68, 819 N.E.2d at 1138-42, this division found that section 5—4—3 should be analyzed under the balancing approach, and, after applying that test, held that the statute was constitutional. We adhere to these decisions upholding section 5—4—3 and reject defendant's constitutional challenge in this case.

The judgment of the circuit court of Cook County is therefore affirmed.

Affirmed.

HOFFMAN and SOUTH, JJ., concur.