THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON FOERSTER, Defendant-Appellant.

First District (5th Division)   No. 1—04—0749

Opinion filed July 29, 2005.

Michael J. Pelletier and Joshua A. Tepfer, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, Sally L. Dilgart, and Michael A. Kuczwara, Jr., of counsel), for the People.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial, defendant Jason Foerster was convicted of possession of a controlled substance and sentenced to two years in prison. On appeal, defendant contends that: (1) nothing in the record indicates that he knowingly and intelligently waived his constitutional right to confrontation before his trial counsel entered into a stipulation regarding the chain of custody and chemical composition of the recovered substances; (2) he was not properly admonished pursuant to Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001); and (3) the compulsory extraction of his DNA pursuant to section 5—4—3 of the Unified Code of Corrections (Code) (730 ILCS 5/5—4—3 (West 2002)) violated his right to be free from unreasonable searches and seizures. We affirm.

At trial, Officers Russell Bacius and Robert Arnolts testified that at about 9:30 p.m. on May 28, 2003, they were conducting a narcotics surveillance in the area of 4623 North Chester in Chicago. Officer Bacius testified that an unoccupied white Chevrolet vehicle was parked on Chester about 20 to 25 feet away from where the officers were conducting their surveillance. A Ford Escort with four occupants pulled up behind the Chevrolet. Maurice Green then exited the apartment building located at 4623 Chester and walked over to the Chevrolet. Jason Bono exited the Escort, and Green then opened the driver's door of the Chevrolet and grabbed a gym bag inside the vehicle. Green placed the bag on top of the trunk, and Bono handed Green some money. Green then opened the bag and removed some small plastic bags which he handed to Bono. Officers Bacius and Arnolts then began to walk over to where Green and Bono were standing. As the officers approached, Green threw the bag into the Chevrolet. Officer Bacius then announced his office. Bono dropped from his hand three small clear plastic bags containing suspected crack cocaine. Officer Bacius placed Bono in custody and recovered the dropped items.

Officer Bacius further testified that he told the three other occupants of the Ford Escort not to move. Officers Bacius and Arnolts testified that they noticed defendant sitting in the Ford Escort with a cellular phone on his lap. Officer Arnolts ordered defendant to exit the vehicle. As defendant stepped out of the vehicle, the cellular phone that was on his lap slid off and so did a clear plastic bag containing a yellow rock-like substance. Officer Bacius testified that defendant was placed in custody and the item that slid off his lap was inventoried under number 10145663.

The parties entered a signed narcotics stipulation which provided, in relevant part:

"[A] proper chain of custody [was] maintained at all times. *** The chemist's expert opinion within a reasonable degree of scientific certainty is the contents of the tested item was positive for the presence of cocaine."

At the close of the evidence, defendant was found guilty of possession of a controlled substance. Defendant filed a motion for a new trial, which the court denied and sentenced defendant to two years in prison.

■ On appeal, defendant first contends that nothing in the record indicates that he knowingly and intelligently waived his constitutional right to confrontation before his trial counsel entered into a stipulation regarding the chain of custody and chemical composition of the recovered substances.

This issue is currently pending before the Illinois Supreme Court in *People v. Phillips*, 352 Ill. App. 3d 867 (2004), *appeal allowed*, 213 Ill. 2d 571 (2005). *Phillips* was an appeal from the Third District, holding that the record must affirmatively establish that the defendant did not object to or dissent from his attorney's decision to enter a stipulation. *Phillips*, 352 Ill. App. 3d at 871. However, in *People v. Scott*, 355 Ill. App. 3d 741, 745, 824 N.E.2d 302, 307 (2005), a different panel of the Third District indicated that its decision in *Phillips* was incorrect and based upon a misinterpretation of *People v. Campbell*, 208 Ill. 2d 203, 212-13, 220-21 (2003).

We believe that *Scott* sets forth the better position. In the present case, the stipulation did not state that the evidence was sufficient to convict defendant, and the State did not present its entire case through the stipulation. *Campbell*, 208 Ill. 2d at 220-21. Therefore, the record in the case at bar did not need to establish that defendant did not object to or dissent from his attorney's decision to stipulate to the chain of custody and chemical composition of the recovered substances. Further, the record did not need to show that defendant's attorney discussed the legal impact of the stipulation with him or that his at-

torney told the court that there had been such a discussion and defendant did not object to the decision to stipulate. See *Scott*, 355 Ill. App. 3d at 745, 824 N.E.2d at 307; see also *Campbell*, 208 Ill. 2d at 220-21.

■ Next, defendant contends he was not properly admonished pursuant to Supreme Court Rule 605(a), and this cause should be remanded to the trial court for strict compliance with the rule. We review the trial court's compliance with supreme court rules *de novo*. *People v. Breedlove*, 213 Ill. 2d 509, 512 (2004); *People v. Davis*, 356 Ill. App. 3d 725 (2005).

Rule 605(a) governs the admonishments a trial court must provide to a defendant when imposing a sentence. Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001.

Defendant here argues that the trial court misadvised him that in order to appeal he must file a written motion asking the court for a new sentencing hearing or for judgment of innocence and, instead, should have admonished him that in order to appeal he must file a notice of appeal in the trial court. The court admonished defendant as follows:

> "You have the right to appeal. In order to bring about such an appeal, you will *** have to file within the next 30 days, a written motion asking the Court to, indicating your legal basis for asking for a new sentence or a new sentencing hearing or for judgment of innocence. You can request the clerk to file this notice of appeal for you. You have a right to an attorney for such an appeal. If you cannot afford to hire an attorney or to purchase transcripts for such an appeal, they would be provided to you free of charge by the State of Illinois. If your motion to reconsider sentence was denied, then you would have 30 days from the entry of that order in which to file the appeal I'm telling you about."

The court properly admonished defendant that if his motion to reconsider was denied, he must file within 30 days of the entry of the denial the notice of appeal with the clerk. See Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a)(3), eff. October 1, 2001.

Defendant, however, correctly notes, based on Rule 605(a), that the trial court failed to admonish him that any claims of error regarding the sentence which were not raised in a written motion to reconsider his sentence would be waived for appellate review.

In *Breedlove*, the supreme court explained that a Rule 605(a) defendant who fails to properly preserve sentencing issues for appeal is not precluded from raising a sentencing issue on appeal for our review under the well-established plain error doctrine. *Breedlove*, 213 Ill. 2d at 521-22.

Employing the same principles articulated in *Breedlove*, this court has held that incomplete admonishments regarding the preservation of sentencing issues under Rule 605(a) does not prejudice a defendant where he does not challenge his sentence on appeal. *Davis*, 356 Ill. App. 3d at 733, citing *People v. Garner*, 347 Ill. App. 3d 578, 586 (2004).

Defendant here does not identify any *specific* sentencing issues he wishes to raise that were deemed waived due to the incomplete admonishments, nor does he explain how his ability to raise a sentencing issue on appeal was compromised by the trial court's admonishments. See *People v. Williams*, 344 Ill. App. 3d 334, 339 (2003). Defendant notes that "there could be grounds for challenging the sentencing hearing that do not appear on the record" but does not allege that he has new evidence to provide to the trial court in a motion to reconsider, which would establish that he was prejudiced by the court's admonishments. Absent any challenge to his sentence in this appeal, "[t]o require a remand in the instant matter," so defendant could hear the steps necessary to challenge an issue that he has no basis to challenge, "would elevate form over substance without serving the ends of real justice." *Garner*, 347 Ill. App. 3d at 586; *Williams*, 344 Ill. App. 3d at 339.

█ Finally, defendant contends that the compulsory extraction of his DNA pursuant to section 5—4—3 of the Code (730 ILCS 5/5—4—3 (West 2002)) violated his right to be free from unreasonable searches and seizures.

The issue of the constitutionality of section 5—4—3 of the Code is presently pending before the supreme court in *People v. Garvin*, 349 Ill. App. 3d 845, 856 (2004), *appeal allowed*, 212 Ill. 2d 541 (2004). However, we elect to follow our well-reasoned decision in *People v. Redmond*, 357 Ill. App. 3d 256, 264 (2005), and the cases cited therein, and we continue to hold that section 5—4—3 is constitutional.

For all the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

O'BRIEN and GALLAGHER, JJ., concur.