THIRD DIVISION
May 30, 2007

No. 1-04-3546

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04CR6800 |
| | ) | |
| HECTOR RODRIGUEZ, | ) | The Honorable |
| | ) | Daniel P. Darcy, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant Hector Rodriguez was found guilty of possession of a controlled substance and was sentenced to three years in prison. On appeal, defendant contends that he is entitled to a new trial because the record does not indicate that he knowingly and intelligently waived his right of confrontation when his attorney stipulated that a proper chain of custody was maintained over the items recovered from defendant and that the items tested positive for the presence of cocaine. Defendant further contends that the court's order, entered pursuant to section 5-9-1.1(c) of the Unified Code of Corrections (the Code) (730 ILCS 5/5-9-1.1(c) (West 2004)), that he pay $5 to the Spinal Cord Injury Paralysis Cure Research Trust Fund (the Spinal Cord Injury Research Fund) violates his due process rights because the $5 assessment is not rationally related to the offense of possession of a controlled substance. In People v. Rodriguez, 362 Ill. App. 3d 44 (2005), we affirmed defendant's conviction but reversed the trial court's order that defendant pay a $5 assessment to the Spinal Cord Injury Research Fund. Thereafter, the supreme court directed us to vacate our original opinion and reconsider our judgment in light of People v. Jones, 223 Ill. 2d 569 (2006). After doing so, we affirm

defendant's conviction and sentence, including the imposition of the $5 assessment.

At trial, Officer Marad Haleem testified that at 10 p.m. on February 14, 2004, a Ford Aerostar minivan driven by defendant drove past his marked car. Officer Haleem observed that the minivan's taillight was broken and pulled the minivan over into a gas station parking lot. Officer Haleem approached the driver's side of the minivan and asked defendant to produce his driver's license and proof of insurance. Defendant could not produce either document. Officer Haleem asked that defendant get out of the minivan and defendant complied. As Officer Haleem and defendant were walking back to Officer Haleem's squad car, defendant dropped three small bags. Officer Haleem recovered the bags, which he suspected contained crack cocaine, arrested defendant and placed defendant in the back of his squad car. Meanwhile, Officer Haleem's partner had walked to the minivan in which several passengers were still seated. When backup officers arrived, the remaining passengers were ordered out of the van and to put their hands on the top of Officer Haleem's squad car. Officer Haleem transported the items that defendant had dropped to the police station, where he inventoried them and gave them to the desk sergeant.

The parties stipulated that, if called, forensic scientist Pat Junious-Hawkins would testify that the items defendant dropped were kept in a proper chain of custody at all times and that their contents tested positive for the presence of cocaine.

Defendant's motion for a directed finding was denied.

Jackie Betancourt testified in defendant's case in chief that she and five other people were with defendant in the minivan at 10 p.m. on February 14, 2004. They were going to the gas station from defendant's house to buy cigarettes. Stephanie Ayala was in the front seat while

Betancourt was in the back of the minivan. Defendant had pulled into the parking lot of the gas station and was outside of the minivan talking to a friend when a police car pulled up. One officer came up to the van and asked the passengers where they were going and what they were doing. A passenger named David Van "talked back" to the officer. Thereafter the officer ordered the passengers out of the minivan and instructed them to place their hands on the squad car. Everyone was handcuffed except for Ayala. Betancourt observed Ayala doing something with her hands. The police arrested defendant and David Van and allowed the other passengers to leave.

Ayala testified that she was one of seven passengers in the minivan on the evening of February 14, 2004. The group had driven to the gas station to buy cigarettes and candy. When she got into the minivan, Ayala had in her possession three rocks of crack cocaine. After the group had arrived at the gas station, the police approached the minivan from behind. Ayala could not remember if defendant was already standing outside of the minivan when he was approached by the police. The passengers were ordered to exit the minivan and to put their hands on a squad car and were handcuffed and searched. Before Ayala was searched, she threw her three bags of cocaine, which she was holding in her hands, under the squad car. A man Ayala referred to as David Main and defendant were subsequently arrested and the remaining passengers were allowed to leave. Ayala testified that she did not see anyone recover the cocaine bags and did not know what became of them.

The court remarked that defendant's witnesses' testimony was inconsistent and incredible and found defendant guilty of possession of a controlled substance. After considering arguments in mitigation and aggravation, the court sentenced defendant to three years in prison. Defendant

1-04-3546

was also ordered to pay various fines and fees, including a $5 assessment which was directed to the Spinal Cord Injury Research Fund.

On appeal, defendant first contends that his federal and state constitutional confrontation rights were violated because the record is devoid of any indication that his attorney informed him of the legal consequences of entering a stipulation as to the composition of the recovered substance and as to the chain of custody.

In People v. Campbell, 208 Ill. 2d 203, 220-21 (2003), our supreme court held:

"[C]ounsel in a criminal case may waive his client's sixth amendment right of confrontation by stipulating to the admission of evidence as long as the defendant does not object to or dissent from his attorney's decision, and where the decision to stipulate is a matter of legitimate trial tactics or prudent trial strategy. Where the stipulation includes a statement that the evidence is sufficient to convict the defendant or where the State's entire case is to be presented by stipulation, we find that a defendant must be personally admonished about the stipulation and must personally agree to the stipulation."

In People v. Phillips, 352 Ill. App. 3d 867, 871 (2004), *appeal allowed*, No. 99568 (February 24, 2005), a panel of the Third District interpreted the Campbell holding to require "some affirmative showing or indication by the defendant in the record that he or she did not object to or dissent from the attorney's decision to stipulate." In People v. Scott, 355 Ill. App. 3d 741 (2005), another panel of the Third District found that Phillips had misinterpreted Campbell, and concluded that the record need not affirmatively show that the defendant was

-4-

informed of and explicitly waived his confrontation rights. Several panels of this district have agreed with Scott. See People v. Orta, No. 1-04-2442 (September 27, 2005); People v. Foerster, 359 Ill. App. 3d 198 (2005); People v. Banks, 358 Ill. App. 3d 924 (2005).

In this case, nothing on the record indicates that defendant objected to the stipulation as to the chemical composition and chain of custody of the recovered items. The decision to stipulate to the forensic chemist's testimony was a matter of trial strategy because the weight and nature of the recovered items were not contested and because the defense at trial was instead that Ayala, rather than defendant, possessed the items. See Scott, 355 Ill. App. 3d at 745 (stipulation as to weight and nature of recovered items was matter of trial strategy because weight and nature were not contested and defendant presented an alibi defense); Orta, slip op. at 17 (stipulation as to weight and nature of recovered items was matter of trial strategy because weight and nature were not contested and defendant's defense was that he was not in actual or constructive possession of the drugs). Furthermore, the stipulation did not indicate that the stipulated evidence was sufficient to convict defendant nor did the State present its entire case through stipulation. Accordingly, we find that the requirements of Campbell have been satisfied and that defendant's confrontation rights were therefore not violated.

Defendant next contends that his due process rights were violated when he was ordered to pay $5 to the Spinal Cord Injury Research Fund because the assessment is a fee and the fund to which the assessment is directed does not bear a reasonable relationship to the offense of possession of a controlled substance.

Our analysis of this issue implicates the recent supreme court decision in Jones. There, the

1-04-3546

defendant, who, like defendant in this case, had been convicted of possession of a controlled substance, similarly argued that his substantive due process rights were violated by the imposition of the $5 assessment. The supreme court rejected the argument, finding the assessment to be a fine rather than a fee and, accordingly, finding that the assessment did not violate the defendant's substantive due process rights. In light of the <u>Jones</u> decision, we reject the argument advanced by defendant.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

QUINN, P.J., and MURPHY, J., concur.